United States District Court
Southern District of Texas
FILED

SEP 2 7 2001

Michael N. Milby
Clerk of Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PAUL RICHARD COLELLA | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| -V- | § | CIVIL ACTION NO. B-01-166 |
| | § | |
| | § | |
| | § | |
| JANIE COCKRELL, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Institutional Division, | § | |
| | § | |
| Respondent. | § | |

---

## PETITIONER'S UNOPPOSED MOTION FOR APPOINTMENT OF COUNSEL

Undersigned counsel, on behalf of Petitioner Paul Richard Colella, an inmate on Texas's death row, respectfully ask this Court to appoint counsel to represent Mr. Colella pursuant to 21 U.S.C. § 848(q)(4)(B) and *McFarland v. Scott*, 512 U.S. 849 (1994). In support of this request, undersigned counsel states the following:

1.     Petitioner was convicted of capital murder and sentenced to death in 1992 by the 357th District Court of Cameron County, Texas, Rogelio Valdez, presiding. The Texas Court of Criminal Appeals ("CCA") affirmed Petitioner's conviction on October 11, 1995. Three judges dissented. One, Judge Sam Houston Clinton, dissented on a jury selection point. *Id.* at 848. Judge Baird, joined by Judge Overstreet, wrote a dissent almost as long as the majority opinion. He meticulously analyzed the evidence in the case and concluded:

> The evidence in this record suggests that Red [a co-participant who testified against the appellant in return for a lenient sentence], not appellant committed the murders.

. . . .

> In conclusion, after a painstaking review of the entire record, I am convinced the non-accomplice evidence is insufficient to corroborate the accomplice witness testimony. I would reverse the judgment of the trial court and order an acquittal. Judge Learned Hand once wrote that "[o]ur procedure has always been haunted by the ghost of an innocent man convicted. It is an unreal dream." *United States v. Garsson*, 291 F. 646, 649 (S.D.N.Y.1923). I fear, in the instant case, that unreal dream is a reality. I respectfully dissent.

*Id.* at 858. No petition for certiorari was filed on Mr. Colella's behalf.

2.    The CCA appointed Edmund K. Cyganiewicz, to represent Mr. Colella in state habeas corpus pursuant to TEX. CODE CRIM. PROC. art. 11.071 (Vernon's 1997), a new statutory framework for handling state death penalty postconviction cases which was enacted in 1995. Under the timing deadlines for filing postconviction applications established by Tex. Code Crim Proc. art. 11.071 § 4, Mr. Colella's state habeas writ was due on August 19, 1997. *Ex Parte Colella*, 1998 WL 404032, at *1 (Tex. Crim. App. July 15, 1998) (Baird, J., dissenting). Mr. Colella's counsel, the district attorney, and the presiding judge agreed to extend the filing date to September 22, 1997. *Id.* The application was eventually filed on September 25, 1997. *Id.* n.1. The district attorney responded to, and the judge denied, the application on the merits.

3.    The CCA dismissed Mr. Colella's entire habeas corpus application on procedural grounds. *Ex Parte Colella*, No. 37,418-01 (Tex. Crim. App. July 15, 1998). The majority, relying on its decision that the Texas legislature's "screamingly obvious intent" in enacting the new scheme was to speed habeas appeals, held that any application filed after the filing deadline must be dismissed. *See, e.g., Ex Parte Smith*, 1998 WL 391832, at *1 (Tex. Crim. App. July 15, 1998).

4.    Mr. Colella filed a Petition for a Writ of Certiorari to the United States Supreme

CitiPDF - www.fesita.com

Court as to the CCA's dismissal of his state habeas application, which was denied.

5.      Mr. Colella, through his court-appointed counsel, including one of the undersigned (Ms. Karamanian), filed a Preliminary Petition for a Writ of Habeas Corpus in the United States District Court for the Southern District of Texas, Brownsville Division, on September 9, 1998.  The case was assigned to the Honorable Hilda Tagle, United States District Judge, and given the Civil Action Number B-98-121.  Mr. Colella filed an Amended Petition on March 23, 1999.  On September 1, 1999, TEX. CODE CRIM. PROC. Ann. art. 11.071 § 4A(f) took effect, which permits habeas applicants whose appointed counsel, before September 1, 1999, "filed an untimely application or failed to file an application before [the relevant due date]" to the appointment of new counsel and an opportunity to file an additional habeas application.  Mr. Colella, whose initial state habeas application was filed late, was entitled to the benefit of § 4A(f).  On February 29, 2000, United States Magistrate Judge John William Black entered a Report and Recommendation recommending that Mr. Colella's pending federal petition be dismissed without prejudice to allow Mr. Colella to return to state court and exhaust his remedies under § 4A(f).  In paragraph 19B of the Report, the Magistrate ordered and the State of Texas agreed that "[t]he federal habeas limitations period is EQUITABLY TOLLED AND/OR TOLLED  in all respects to and including September 1, 1999."  Also, paragraph 17 of the Report provided that "[i]f Petitioner files a federal habeas petition following exhaustion of his state remedies, that petition will not be deemed "second or successive under AEDPA [the Anti-terrorism and Effective Death Penalty Act of 1996]."  United States District Judge Hilda Tagle adopted Magistrate Black's Report and Recommendation and entered an Order dismissing Mr. Colella's federal habeas action on March 14, 2000.

6.      On April 20, 2000, the CCA entered an Order appointing Andrew Hammel as counsel to represent Mr. Colella and ordered that Mr. Colella's Original Application be filed on or before August 18, 2000.  On August 18, 2000, Petitioner filed his Original Application for Writ of Habeas Corpus in the convicting court.  On October 13, 2000, Petitioner filed a motion for extension of time

3

to file an amended application.  In this motion, Mr. Hammel also advised the CCA that he would be leaving Texas to pursue additional legal studies and that Mr. Raoul Schonemann had agreed to be appointed to represent Mr. Colella.  On October 16, 2000, the CCA granted Petitioner's motion and ordered that "the application is to be filed no later than 270 days after April 20, 2000, with due date being January 15, 2001." On January 14, 2001, Petitioner filed his First Amended Application in the trial court.

7.    After the First Amended Application was filed, the CCA appointed Ms. Mandy Welch to replace Mr. Schonemann.  Throughout the proceedings in federal court and in state court, the law firm of Locke Liddell & Sapp, LLP, through either Mr. Michael Powell and/or Ms. Susan Karamanian have assisted in the representation of Mr. Colella on a pro bono basis.  While Ms. Karamanian left the firm on November 1, 2000 to join the George Washington University Law School, she is prepared to work on Mr. Colella's behalf on a pro bono basis.

8.    Under Texas Code of Criminal Procedure art. 11.071 § 7(a), the State's answer to Petitioner's state habeas application was due on May 16, 2001.  The State did not file an answer on May 16, 2001.

9.    Instead, on May 17, 2001, the State's Attorney, Cameron County Assistant District Attorney, John Olson, informed the trial court by letter that he had intended to submit a "proposed order" but had not done so because his grandmother passed away on May 16, 2001, and he had been preoccupied with her illness in the days preceding her death.  Mr. Olson also requested that he be given until May 21, 2001 to submit a "proposed order".

10.    On May 21, 2001, the State submitted two proposed orders to the Honorable Benjamin Euresti, Jr., Judge of the 107th Judicial District Court, Cameron County, Texas, presiding by assignment.  Upon information and belief, Judge Euresti was assigned to Petitioner's case, because Judge Valdez of the 347th Judicial District Court of Cameron County, who had presided over Petitioner's trial, had retired.  The new judge of the 347th Judicial District Court of Cameron County,

Texas, the Honorable Abel Limas, was Petitioner's court-appointed trial counsel, so presumably Judge Limas recused himself.

11.    One of the State's proposed orders called for a hearing without referencing any claims. The lengthier proposed order contained rulings denying relief on the basis of so-called procedural defaults, and other defenses and affirmative defenses that the State had never pleaded in any answer as required by Section 7(a) (the "Lengthier Order").    Counsel for Petitioner received the proposed orders on May 22, 2001.

12.    On May 23, 2001, without notice to Petitioner or his counsel and in disregard of the procedures set for under article 11.071, the district judge to whom this case was assigned for the purpose of the article 11.071 proceeding (again, who was not the trial judge) signed the Lengthier Order without any changes whatsoever.

13.    On May 25, 2001, not knowing that the State's proposed order had been signed, Petitioner's counsel placed in the mail, addressed to the District Clerk for filing, Applicant's Objection to State's Failure to File an Answer and Motion to Preclude Defenses ("Objection"). The Objection was based on the State's failure to file an answer, as required by section 7(a) of article 11.071. Petitioner objected to the Court's entry of *any* order sustaining any unpleaded procedural defense, procedural default, or other supposed defenses or affirmative defenses to the Application. Petitioner further objected to the State's failure to comply with sections 7, 8 and 9 of article 11.071.

14.    Upon learning that the district court had already entered the State's proposed order disposing of all of Petitioner's claims for relief, Petitioner filed a pleading objecting to the May 23, 2001 order, asking the district court to reconsider and vacate the order and renewing his previous, and renewing his previous request for discovery and an evidentiary hearing.[1]  Thereafter, Petitioner's

---

1 The pleading is entitled: Applicant's Objections to the Trial Court's Order of May 23, 2001 and all Procedures Contrary to Article 11.071; Motion to Reconsider and Vacate Entry of Order of May 23, 2001, Denying Applicant's First Amended Application for Writ of Habeas Corpus; and Renewed Motion for Evidentiary Hearing and Discovery.

counsel learned that the transcript of the article 11.071 proceedings had been forwarded to the CCA and was informed, through the Clerk's office, that the judge was not going to reconsider his order. Accordingly, Petitioner's counsel submitted a proposed order denying the objections, motion to reconsider and vacate, and renewed motions for evidentiary hearing and discovery which also directs the court clerk's office to prepare a supplemental transcript of the proceedings and forward it to the CCA.

15.     On or about July 5, 2001, Mr. Colella filed in the CCA Applicant's Objections to District Court's Order and Motion to Vacate and Remand.

16.     On September 19, 2001, the CCA issued an order (without an opinion) in which it denied Petitioner relief.

17.     Throughout prior proceedings, Mr. Colella was represented by appointed counsel. He was then and is now without the means to retain counsel, *see* accompanying motion to proceed *in forma pauperis*. Mr. Colella's earlier federal petition for a writ of habeas corpus was dismissed without prejudice, based on the parties' agreement that he had the right to exhaust his remedies in the Texas courts and that he would have the right to pursue relief in the federal courts after exhaustion. Petitioner definitely wishes to avail himself of the opportunity to challenge his conviction and sentence in federal habeas corpus with the assistance of appointed counsel. It is crucial that this attorney be appointed without undue delay due to 28 U.S.C. § 2244(b)(1).

18.     In *McFarland*, the Court considered whether the right of state prisoners under sentence of death to appointed counsel "[i]n any post conviction proceeding" afforded by 21 U.S.C. § 848(q)(4)(B) allowed appointment prior to the filing of a habeas petition. The Court decided that it did:

> The language and purposes of § 848(q)(4)(B) and its related provisions establish that the right to appointed counsel includes a

6

> right to legal assistance in the preparation of a habeas corpus
> application. We therefore conclude that a 'post conviction
> proceeding' within the meaning of § 848(q)(4)(B) is commenced by
> the filing of a death row defendant's motion requesting the
> appointment of counsel for his federal habeas corpus proceeding.

*McFarland v. Scott*, 512 U.S. 849, 856-57 (1994). "[T]he right to counsel," the Court continued,

"necessarily includes a right for that counsel meaningfully to research and present a defendant's

claims." *Id.* at 858. When these principles are applied to Mr. Colella's case, he is clearly entitled

to the appointment of counsel.

ACCORDINGLY, Mr. Colella respectfully requests that the Court timely appoint qualified

counsel to represent him pursuant to 21 U.S.C. § 848(q)(4)(B). Mr. Colella further requests that

this Court appoint the undersigned counsel, who have indicated their willingness to represent Mr.

Colella in a Statement of Willingness to Accept Appointment filed simultaneously with this

Motion.

Respectfully submitted,

Michael V. Powell
Southern District No.  5429
State Bar No.  16204400
Locke Liddell & Sapp, LLP
2200 Ross Ave., Suite 2200
Dallas, Texas 75201
Ph: (214) 740-8520
F: (214) 740-8800

Mandy Welch
Southern District No. 15543
Texas Bar No. 21125380
Burr & Welch
412 Main Street, Suite 1100
Houston, Texas  77002
Tel. (713) 227-0200
Fax (713) 227-0215

Susan L. Karamanian
Southern District No.  10787
State Bar No. 11097600
2000 H. Street NW
Washington, D.C.
Ph: (202) 994-1210
F: (202) 994-9446

COUNSEL FOR PETITIONER

8

# CERTIFICATE OF SERVICE

I hereby certify that I have caused the foregoing pleading to be served on Respondent by mailing, via the U.S. Postal Service, postage prepaid a copy of the pleading to counsel for Respondent, Capital Litigation Division, Office of the Attorney General, P.O. Box 12548, Capitol Station, Austin, Texas 78711, this *25th* day of *September*, 2001.

Michael V. Powell

9

## CERTIFICATE OF CONFERENCE

I certify that on September 25, 2001, I spoke by telephone with Assistant Attorney General of Texas Charles Palmer, who stated that Respondent does not oppose the foregoing motion for appointment of counsel for Petitioner, Paul Richard Colella.