IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PAUL RICHARD COLELLA, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | NO. 1.01cv166 |
| | § | |
| JANIE COCKRELL, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, | § | |
| INSTITUTIONAL DIVISION, | § | |
| Respondent. | § | |

### RESPONDENT COCKRELL'S MOTION
### TO STRIKE PETITIONER'S EXHIBITS 36, 63 AND 64

This is a habeas corpus case brought by a death row inmate under 28 U.S.C. § 2254. The instant motion is being filed concomitantly with the Director's motion for summary judgment. Colella has filed numerous exhibits along with his petition. Included among these is the affidavit of one of his current counsel, Susan Karamanian (Exhibit 36), as well as the affidavits of two of the jurors at his trial, Juan Esparza (Exhibit 63) and Linda Ann Jordan (Exhibit 64).

Karamanian's affidavit is inadmissible because it contains inadmissible hearsay. Therein, she avers that "[o]ur investigator reported to me that she sought copies of any media coverage of the trial of Brenda Bowling Colella and of the trial of Mr. Colella. The investigator advised me that television stations KGBT TV 4 (CBS) and KRGV TV 3 (ABC) would not provide complete tapes of their coverage absent court order." Exhibit 36 at 1. Because these averments do not reflect personal knowledge of the affiant and instead relate only what she was told by a third party, they are inadmissible hearsay under Rule 802 of Federal Rules of Evidence. *Pyles v. Johnson,* 136 F.3d 986, 997 (5th Cir. 1998); *McDonald v. Steward,* 132 F.3d 225, 232 (5th Cir. 1998).

The jurors's affidavits are inadmissible under Rule 606(b) of the rules of evidence, which "is grounded in the common-law rule against admission of jury testimony to impeach a verdict . . . ." *Tanner v. United States,* 483 U.S. 107, 121, 107 S. Ct. 2739, 2748 (1987). The rule bars juror

testimony regarding

> (1) the method or arguments of the jury's deliberations, (2) the effect of any particular thing upon an outcome in the deliberations, (3) the mindset or emotions of any juror during deliberation, and (4) the testifying juror's own mental process during the deliberations.

*Pyles v. Johnson,* 136 F.3d at 991 (citing *United States v. Ortiz,* 942 F.2d 903, 913 (5th Cir. 1991)). Because the juror affidavits on which Colella relies represent an impermissible attempt to impeach the jury's verdict, they are inadmissible as a matter of federal evidentiary law and must be stricken.

For the above reasons, the Director requests that Petitioner's Exhibits 36, 63 and 64 be stricken.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

MICHAEL T. McCAUL
Deputy Attorney General for
Criminal Justice

GENA BUNN
Assistant Attorney General
Chief, Capital Litigation Division

CHARLES A. PALMER
Assistant Attorney General
State Bar No. 15426500
Admission ID No. 1523
Attorney in Charge

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1600

2

Facsimile No. (512) 320-8132

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF CONFERENCE

I, Charles A. Palmer, Assistant Attorney General of Texas, do hereby certify that opposing counsel Mandy Welch has stated that she opposes this motion.

*/s/ Charles A. Palmer*
CHARLES A. PALMER
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, Charles A. Palmer, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Johnson's Motion To Strike Petitioner's Exhibits 63 and 64 has been served by placing same in the United States Mail, postage prepaid, on this the 27th day of February, 2002, addressed to the following:

Mike V. Powell
LOCKE LIDDELL & SAPP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201

Mandy Welch
BURR & WELCH
1630 Castle Court, Suite A
Houston, Texas 77002.

*/s/ Charles A. Palmer*
CHARLES A. PALMER
Assistant Attorney General

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| PAUL RICHARD COLELLA, §<br>  Petitioner, §<br> §<br>V. §<br> §<br>JANIE COCKRELL, DIRECTOR, §<br>TEXAS DEPARTMENT OF §<br>CRIMINAL JUSTICE, §<br> INSTITUTIONAL DIVISION, §<br>  Respondent. § | NO. 1.01cv166 |

# O R D E R

Came on to be heard **Respondent's Motion to Strike Petitioner's Exhibits 36, 63 and 64**, and the Court after considering the pleadings of the parties filed herein, is of the opinion that the following order should issue:

It is hereby ORDERED, ADJUDGED and DECREED that said motion be, and it is hereby GRANTED.

SIGNED on this the _____ day of _____, 2002, at _____, Texas.

_____
JUDGE PRESIDING