Case 1:01-cv-00166   Document 15   Filed in TXSD on 06/17/2002   Page 1 of 4

15

United States District Court
Southern District of Texas
FILED

JUN 17 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PAUL RICHARD COLELLA, | § | |
| PETITIONER, | § § § | |
| V. | § § | CIVIL ACTION NO. B-01-166 |
| JANIE COCKRELL, DIRECTOR TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION, | § § § § | |
| RESPONDENT. | § | |

**PETITIONER'S REPLY TO RESPONDENT'S MOTION
TO STRIKE PETITIONER'S EXHIBITS 36, 63 AND 64**

Respondent Cockrell's Motion to Strike Petitioner's Exhibits 36[1], 63, and 64 is a clear concession by Respondent that this federal court should, and indeed must, engage in its own fact finding in this Section 2254 proceeding. Petitioner's Exhibits 36, 63, and 64 were included in the record in Petitioner's *state* habeas corpus proceedings when Judge Euresti, assigned to preside over Petitioner's habeas corpus proceedings (but who was not the judge who presided over Petitioner's trial), signed the Order given to him by the State's attorney. (Petition for Writ of Habeas Corpus ¶¶ 18-20; Appendix Tabs 68, 70, 71). The State did not object to those exhibits in the state habeas proceedings before Judge Euristi or in the Texas Court of Criminal Appeals.

Thus, if Respondent's position were that the question before this Court is whether the state habeas proceedings "resulted in a decision that was based on an unreasonable determination

---

[1] Exhibit 36 is counsel's affidavit offered only to negate any potential claim by Respondent that Petitioner's counsel have failed to exercise diligence.

PETITIONER'S RESPONSE TO RESPONDENT'S
MOTION TO STRIKE PETITIONER'S EXHIBITS                                                    PAGE 1

of the facts *in light of the evidence presented in the State court proceeding*," 28 U.S.C. § 2254(d)(1) (emphasis added), it would be completely inconsistent, and no doubt inappropriate, for Respondent to move this Court to strike evidence that *was* presented in the state court proceeding.

Respondent's Motion to Strike is not the only clear indication that Respondent supports, indeed even requests, an evidentiary hearing and independent fact finding by this Court. Respondent attaches to her Motion for Summary Judgment, and asks this Court to consider, a *new* affidavit— that of John W. Nielsen-Gammon—which was *not* filed by the State in Petitioner's state court habeas proceedings. The Nielsen-Gammon affidavit is particularly remarkable because it is offered—for the first time in this Section 2254 proceeding—to try to contradict testimony Petitioner gave *at his trial*.[2]  Respondent's offering of the Nielsen-Gammon affidavit is a clear request for this Court to engage in independent fact finding on Petitioner's federal constitutional claims.

Respondent's Motion for Summary Judgment also includes numerous quotations from textbooks that Respondent asks this Court to consider in determining whether the State utilized false testimony to convict Petitioner of capital murder. Respondent's Motion for Summary Judgment p. 18 (quoting from three textbooks outside the record). The State did *not* offer these quotations from "learned treatises" into evidence at Petitioner's trial or even in Petitioner's state court habeas proceedings. Of course, Respondent's offer of learned treatises here does not meet

---

[2]Respondent's Motion for Summary Judgment p. 19 n.5. The affidavit clearly does not do so. The affidavit confirms that the highways between Brownsville and Victoria were wet and slick between 1:00 a.m. and 6 a.m. September 13, 1991, and that there was fog and haze in the Kingsville area that no doubt reduced highway visibility.

PETITIONER'S RESPONSE TO RESPONDENT'S
MOTION TO STRIKE PETITIONER'S EXHIBITS                                         PAGE 2

any of the requirements of Fed. R. Evid. 803(18), but again, it is clear that Respondent wants this Court to consider new evidence and engage in independent fact finding.[3]

Petitioner would certainly object to the Court's considering Respondent's Affidavit of John Nielsen-Gammon as supporting Respondent's Motion for Summary Judgment. The witness is doing nothing but reporting what certain identified "weather records" report. He claims no personal knowledge of the facts about the weather that night. The unidentified "weather records" are hearsay, they are not attached to the affidavit, and there is nothing in the affidavit that could bring them within an exception to the hearsay rule. Furthermore, Respondent's statements from textbooks (Respondent's Motion for Summary Judgment p. 18) are hearsay. The necessary predicate under Fed. R. Evid. 803(18) has not been laid.

All of this simply goes to show that Respondent is *not* entitled to summary judgment in this death penalty proceeding and that there is a clear need, which Respondent has admitted by filing her Motion to Strike and offering new evidence, for an evidentiary hearing and independent fact finding by this Court.

Dated: June 15, 2002

Respectfully submitted,

*Michael Powell*

Mandy Welch
Attorney-in-Charge

---

[3] Respondent offers the textbook quotations to try to impeach the testimony of the State's own witness, Detective Martinez, on the time of death. *See* Respondent's Motion for Summary Judgment p. 18 ("Because rigor mortis is not an accurate gauge of the time of death, Martinez's testimony simply was not probative on that point and, therefore, not material."). Yet, the Texas Court of Criminal Appeals expressly relied on Martinez's testimony about the time of the murders in its affirmance of Petitioner's conviction and death sentence. *See Colella v. State*, 915 S.W.2d 834, 838, 851, 857 (Tex. Crim. App. 1995).

PETITIONER'S RESPONSE TO RESPONDENT'S
MOTION TO STRIKE PETITIONER'S EXHIBITS                                   PAGE 3


Southern District No. 15543
Texas Bar No. 21125380
Burr & Welch
412 Main Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 227-0200
Telecopier: (713) 227-0215

Susan L. Karamanian
Southern District No. 10787
Texas Bar No. 11097600
2000 H Street, NW
Washington, D.C.  20052
Telephone: (202) 994-1210
Telecopier: (202) 994-2831

Michael V. Powell
Southern District No. 5429
Texas Bar No. 16204400
2200 Ross Avenue, Suite 2200
Dallas, Texas  75201-6776
Telephone: (214) 740-8520
Telecopier: (214) 740-8800

ATTORNEYS FOR PETITIONER

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing response was mailed this date to Mr. Charles A. Palmer, Assistant Attorney General of Texas, P. O. Box 12548, Capitol Station, Austin, Texas 78711, Attorney for Respondent.

Dated: June 17, 2002

_____
Michael V. Powell

PETITIONER'S RESPONSE TO RESPONDENT'S
MOTION TO STRIKE PETITIONER'S EXHIBITS                                    PAGE 4