IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 17 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| PAUL RICHARD COLELLA, | § § § | |
| PETITIONER, | § § | |
| V. | § § | CIVIL ACTION NO. B-01-166 |
| JANIE COCKRELL, DIRECTOR TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION, | § § § § § | |
| RESPONDENT. | § § | |

**PETITIONER'S MOTION FOR DISCOVERY UNDER
UNDER RULE 6 OF THE RULES GOVERNING SECTION 2254 CASES,
WITH BRIEF IN SUPPORT THEREOF**

1.    Petitioner Paul Richard Colella, acting pursuant to Rule 6 of the Rules Governing Section 2254 Cases ("Rule 6") and the Supreme Court's opinion in *Bracy v. Gramley*, 520 U.S. 899, 117 S.Ct. 1793 (1997), hereby moves the Court to require Respondent Janie Cockrell, in her capacity as Director, Texas Department of Criminal Justice, Institutional Division, to produce to his attorneys the documents and things described in Paragraph 2 of this Motion:

2.    The documents and things of which Petitioner seeks discovery are:

    A.    All Grand Jury Testimony of Detective Luis G. Martinez, Jr., of the Cameron County Sheriff's Office given in grand jury proceedings that led to the Indictment at the Appendix to Petitioner's Petition for Writ of Habeas Corpus, Vol. 1, Tab 2.

    B.    All notes, memorandums, audio or video recordings, and other records of the interview or "oral statement" given to agents of the State or Cameron County by Anthony

Randall ("Red") Wilson on or about May 19, 1992, or at any other time (other than Wilson's first sworn statement at Appendix Tab 15). (*See* Petition for Writ of Habeas Corpus ¶¶ 58-59).

3.  Rule 6 requires a Petitioner to request leave of Court, "in the exercise of [the Court's] discretion and for good cause shown," to invoke the processes of discovery otherwise available under the Federal Rules of Civil and Criminal Procedure. In *Bracy*, the Supreme Court unanimously reaffirmed its holding in *Harris v. Nelson*, 394 U.S. 286, 300 (1969):

> [W]here specific allegations before the court show *reason to believe* that the petitioner may, *if the facts are fully developed*, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry.

*Bracy*, 520 U.S. at 908-09, 117 S.Ct. at 1799.

4.  In his Petition for Writ of Habeas Corpus and his Reply to Respondent's Motion for Summary Judgment, Petitioner makes specific allegations of federal constitutional violations and has shown good cause for requiring Respondent to produce the documents and things described in paragraph 2, above, to Petitioner's counsel. Petitioner has made specific allegations that his rights to due process of law under the Fourteenth Amendment to the United States Constitution were violated when

  A.  The State knowingly used perjured testimony at trial or, at a minimum, allowed untrue testimony to go uncorrected. *Napue v. Illinois*, 360 U.S. 264 (1959); *Pyle v. Kansas*, 317 U.S. 213 (1942). *See* Petition for Writ of Habeas Corpus ¶¶ 71-119.

  B.  The State withheld exculpatory material from Petitioner, or material that would have impeached the State's accomplice witness, "Red" Wilson, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *Strickler v. Greene*, 527 U.S. 263, 119 S.Ct. 1936 (1999).[1]

---

[1] In the State trial court, Petitioner's counsel filed comprehensive motions requesting *Brady* materials. Appendix Tab 9 at pp. 12-14; Transcript, pp. 17-34. The State filed no

5.  Petitioner has shown good cause for production of the Grand Jury testimony of Detective Martinez because he has shown that this State witness gave materially different testimony concerning the same matters in the trial of Petitioner's wife, Brenda Colella, which occurred in late May and June 1992, from the testimony he gave at Petitioner's trial, which occurred in August and early September 1992. *See* Petition for Writ of Habeas Corpus ¶¶ 75-85, 97-108, 116-119, 121. Petitioner asserts that Detective Martinez perjured himself in Petitioner's trial in order to undercut Petitioner's alibi evidence and in order to conform his testimony to the perjured testimony of the State's accomplice witness, "Red" Wilson, in order to present critical "corroboration" for Wilson's testimony. There can be no question that Detective Martinez's testimony in Petitioner's trial was crucial to the State's case.

6.  The Court should order Respondent to produce Detective Martinez's Grand Jury testimony because: (a) that testimony was the earliest sworn testimony Martinez gave about his investigation and what he did and concluded; (b) it was given at a time before the State knew of Petitioner's alibi witness; (c) it was given at a time before the State made its "Agreement for Immunity from Prosecution for Testimony" with "Red" Wilson (Appendix Tab 5); and (d) it had resulted in the indictment of "Red" Wilson, as well as Petitioner and Petitioner's wife, Brenda, for the murders.

7.  As described more fully in Petitioner's Response to Respondent's Motion for Summary Judgment, Petitioner does not believe that the state habeas court made any binding findings of fact on whether the State's withholding of Martinez's Grand Jury testimony was a

---

opposition to any of said motions. The prosecution is obligated by due process to disclose material exculpatory evidence on its own motion, even absent a request. *E.g., Kyles v. Whitley*, 514 U.S. 419, 432-34, 115 S.Ct. 1555 (1995); *Thomas v. State*, 841 S.W.2d 399, 407 (Tex. Crim. App. 1992). Petitioner's trial counsel reasonably believed that the prosecution had complied with his written motions and its *Brady* obligations.

violation of *Brady v. Maryland.* The state habeas court expressly refused to consider the transcript of Brenda Colella's trial, State Order of May 23, 2001 ¶ 6 (stating "this Court will not acknowledge Brenda's record references/Exhibits"), so how could that Court have evaluated the conflicts in Martinez's testimony between the two trials to determine whether Petitioner's constitutional rights were violated by the State's use of perjured testimony to convict him? In this Court, Respondent effectively concedes that the state habeas court's refusal to consider the transcript of Brenda's trial was error. *See* Respondent's Motion for Summary Judgment pp. 8-9, arguing that this Court *should* consider the record from Brenda Colella's trial, which the State filed in this Court on March 5, 2002, even though the state habeas court refused to do so.

8. In any event, even if the State habeas court made a finding that this Court must afford deference, which Petitioner denies, this Court must still determine whether to hold its own evidentiary hearing and whether the State court's decision is "contrary to, involve[s] an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States," or is "based on an unreasonable determination of the facts in light of the evidence presented" in the state courts. 28 U.S.C. § 2254(d). *See, e.g., Benn v. Lambert,* 283 F.3d 1040, 1051-06 (9th Cir. 2002); *Boss v. Pierce,* 263 F.3d 734, 738-46 (7th Cir. 2001), *cert. denied,* 122 S.Ct. 1961 (2002); *Paradis v. Arave,* 240 F.3d 1169, 1174-81 (9th Cir. 2001); *Nuckols v. Gibson,* 233 F.3d 1261, 1266-68 (10th Cir. 2000).

9. There is no Texas law impediment greater than the showings required under Rule 6 to this Court's ordering Respondent to produce Martinez's Grand Jury testimony. *See, e.g., Euresti v. Valdez,* 769 S.W.2d 575, 579 (Tex. App.—Corpus Christi 1989, orig. proceeding) (grand jury testimony may be ordered discovered in a civil case); *Bynum v. State,* 767 S.W.2d 769, 781-82 (Tex. Cr. App. 1989) ("It is well established that the production of grand jury

testimony lies within the sound discretion of the trial court" upon a showing of special reason or particularized need); Tex. Code Crim P. Art. 20.02(d) (Vernon Supp. 2002).

10. Petitioner has also established good cause under Rule 6 for this Court's requiring Respondent to produce all documents and things recording and reflecting the statements made by the State's accomplice witness "Red" Wilson to the State's agents on or about May 19, 1992 (or at other times unknown to Petitioner). There can be no question that Wilson's bargained-for testimony was crucial to the State's case against Petitioner (*see* Appendix Tab 5). Due to unbelievably inept police work, little, if any, physical evidence of this crime was collected or preserved. To Petitioner's counsels' knowledge, the State has never found a murder weapon. The trial court instructed the jury that Wilson was an accomplice witness and that the jury "cannot convict the defendant upon his testimony unless you first believe his testimony is true." *See Colella v. State*, 915 S.W.2d 834, 840 (Tex. Crim. App. 1995). Thus, there can be no doubt that the credibility of "Red" Wilson's was crucial to Petitioner's defense at trial. If the State sponsored perjured testimony from Wilson, or withheld statements of Wilson that tended to impeach Wilson or exculpate Petitioner, the State clearly and materially violated Petitioner's federal constitutional right to due process. As the Cameron County District Attorney told the Texas Court of Appeals in Corpus Christi: "As for Red, he was a convicted felon who was a liar to boot." (Appendix Tab 19 at 15).

11. That the State's agents did *not* reduce Wilson's May 19, 1992, interview or statement to writing is a fact that supports Petitioner's showing of good cause for production of all notes, recordings, and other records of Wilson's statements that exist. Clearly, the Cameron County Sheriff's Office's usual practice was to reduce a witness's statement to writing and have it signed under oath. It reduced Wilson's first, false, statement to writing and had him sign it

under oath (Appendix Tab 15). The State claims that it did not reduce Wilson's second statement to writing because of a request from Wilson's attorney, who was no doubt seeking to prevent his client from making any written "confession" admissible under Tex. Code Crim. P. Art. 38.22. Why the State *agreed* not to reduce Wilson's statements over two days starting May 19, 1992, to writing is very troubling. As of May 19, 1992, the State apparently had not yet made its "Agreement for Immunity from Prosecution for Testimony" with Wilson. (*See* Appendix Tab 5, filed May 26, 1992, but undated at the end). Yet the State already knew that Wilson's first sworn statement was materially false, and the State maintains that its immunity agreement with Wilson was conditioned upon Wilson's telling the truth in both Brenda Colella's and Petitioner's trials. How did the State intend to hold Wilson in the future to the "truthful" version of events, if it did so intend? Why would it not want to reduce Wilson's statement to writing, unless it planned to mold Wilson's testimony as it deemed necessary? Clearly, one reason for not reducing Wilson's statement to writing was to try to avoid having to provide to the defense any statements that Wilson made that would tend to impeach Wilson or exculpate Petitioner.

12.  Petitioner has shown numerous, material inconsistencies that establish good cause for this Court's requiring Respondent to produce all records of the State's two-day, but "not reduced to writing," May 19, 1992, interview with the State's crucial witness Wilson. *See* Petition for Writ of Habeas Corpus ¶¶ 97-114, 131-136, 142-150. Material evidence required to be disclosed under *Brady* includes evidence bearing on the credibility of government witnesses. *E.g., United States v. Bagley*, 473 U.S. 667, 676 (1985). "[T]he need for disclosure is particularly acute where the government presents witnesses who have been granted immunity from prosecution in exchange for their testimony. *** [C]riminals who are rewarded by the

government for their testimony are inherently untrustworthy, and their use triggers an obligation to disclose material information to protect the defendant from being the victim of a perfidious bargain between the state and its witness." *Carriger v. Stewart*, 132 F.3d 463, 479 (9th Cir. 1997) (*en banc*), cert. denied, 523 U.S. 1133 (1998).

13. Petitioner respectfully submits that he has *more* than met the test established by the Supreme Court in *Bracy*, 520 U.S. at 908-09; 117 S.Ct. 1799, for being allowed discovery under Rule 6 of the documents and materials he seeks.

14. Petitioner was unable to present the requested documents to the State courts below through no fault of his own. His post-conviction counsel submitted Texas Open Records Act Requests to the Cameron County District Attorney requesting these and other documents and things. The State declined to produce these materials and referred the matter to the Attorney General of Texas. On February 8, 1999, the Attorney General of Texas rendered an Open Records Act Opinion that the State was not obligated by that State statute to produce these materials. (Tex. AG Letter Op. No. OR99-0394, February 8, 1999, addressed to Mr. John A. Olson, Assistant County Attorney, Cameron County, Texas). The State convicting court abruptly terminated Petitioner's state habeas proceedings without following the procedures established by Tex. Code Crim. P. Art. 11.071 (Vernon Supp. 2002) and without allowing Petitioner any discovery. The State did not file an answer to Petitioner's State Court Petition for Writ of Habeas Corpus within 120 days of its filing, as required by Art. 11.071, §7(a) (See Petition for Writ of Habeas Corpus Tab 69). The State convicting court did not issue a written order stating its determination whether controverted, previously unresolved material fact issues existed, as required by Art. 11.071, § 8(a)-(b). Instead, the convicting court signed a proposed final order presented to it by the Cameron County District Attorney's Office. (Petition for Writ

of Habeas Corpus ¶¶ 16–20; Appendix Tab 68). Petitioner moved the State convicting court for reconsideration, but that court declined even to consider reconsideration. (Petition for Writ of Habeas Corpus ¶ 22, Petition for Writ of Habeas Corpus Tab 70). Petitioner moved the Texas Court of Criminal Appeals to remand the matter to the convicting court with instructions to follow the procedures established by Article 11.071 and to allow discovery and an evidentiary hearing; but the Court of Criminal Appeals summarily denied all relief. (Petition for Writ of Habeas Corpus ¶¶ 22-23; Petition for Writ of Habeas Corpus Tabs 71-72).

WHEREFORE, PREMISES CONSIDERED, PETITIONER Paul Richard Colella prays that Respondent will be ordered promptly to produce true and correct copies of all documents and things described in paragraph 2, above, to his counsel in this action.

Dated: June 15, 2002

Respectfully submitted,

/s/ Michael Powell

Mandy Welch
Attorney-in-Charge
Southern District No. 15543
Texas Bar No. 21125380
Burr & Welch
412 Main Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 227-0200
Telecopier: (713) 227-0215

Susan L. Karamanian
Southern District No. 10787
Texas Bar No. 11097600
2000 H Street, NW
Washington, D.C. 20052
Telephone: (202) 994-1210
Telecopier: (202) 994-2831

Michael V. Powell
Southern District No. 5429

Texas Bar No. 16204400
2200 Ross Avenue, Suite 2200
Dallas, Texas  75201-6776
Telephone:  (214) 740-8520
Telecopier:  (214) 740-8800

ATTORNEYS FOR PETITIONER

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing motion was mailed this date to Mr. Charles A. Palmer, Assistant Attorney General of Texas, P. O. Box 12548, Capitol Station, Austin, Texas  78711, Attorney for Respondent.

Dated: June 15, 2002

_____
Michael V. Powell