IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 17 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| PAUL RICHARD COLELLA, § | |
| § | |
| PETITIONER, § | |
| § | |
| V. § | CIVIL ACTION NO. B-01-166 |
| § | |
| JANIE COCKRELL, DIRECTOR § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, INSTITUTIONAL DIVISION, § | |
| § | |
| RESPONDENT. § | |

**AFFIDAVIT OF COUNSEL**
**UNDER FEDERAL RULE OF CIVIL PROCEDURE 56(f)**

STATE OF TEXAS        §
COUNTY OF DALLAS      §

Before me, the undersigned authority, on this day personally appeared Michael V. Powell, who after being by me duly sworn, stated on his oath as follows:

1. My name is Michael V. Powell, and my business address is at 2200 Ross Avenue, Suite 2200, Dallas, Texas 75201-6776. I am over the age of 21 years and am fully competent to give this affidavit for the purposes of Rule 56(f) of the Federal Rules of Civil Procedure.

2. I am an attorney licensed to practice law in the State of Texas. My Texas Bar No. is 16204400. I am one of the attorneys representing the Petitioner, Paul Richard Colella, in this action.

3. Mr. Colella filed his Petition for Writ of Habeas Corpus in this action on September 27, 2001. On or about February 28, 2002, the Respondent Director, through the Attorney General of Texas, filed her Motion for Summary Judgment with Brief in Support.

4. On behalf of Petitioner, my co-counsel and I will file an original response to the State's Motion for Summary Judgment based on the evidence already presented to the Court in the Appendices to Petitioner's Petition for Writ of Habeas Corpus and the State Court Records filed by Respondent with the Court on November 7, 2001 (Record *re* Paul Colella) and March 5, 2002 (Record *re* Brenda Colella). Nevertheless, in my professional judgment, in order to file a final response and to prepare for a hearing on the State's Motion for Summary Judgment, Petitioner needs the following additional discovery from the State of Texas:

A. <u>The Grand Jury Testimony of Detective Luis G. Martinez, Jr. of the Cameron County Sheriff's Office</u>. (*See* Petition for Writ of Habeas Corpus ¶¶ 75-86, 97-108, 115-119, 145, 150).

Detective Martinez was a principal witness for the State witness at Petitioner's trial. It is undisputed that Detective Martinez gave trial testimony that conflicted in highly material ways in two trials: (1) the trial of Petitioner's wife, Brenda Colella, which was held in May and June 1992, and (2) Petitioner's trial, which began on August 17, 1992. The same State prosecutor tried both cases, so she had to know of the conflicts in Detective Martinez's testimony. One of Petitioner's claims in this action is that the State of Texas condoned, if not intentionally presented, false testimony from Detective Martinez. Petitioner claims that Detective Martinez materially changed his testimony from Brenda Colella's trial to Petitioner's trial in order to conform his testimony to two events: (1) Petitioner's finding of the alibi witness, Amy Pflaum, and (2) the State's desire for Detective Martinez's testimony not to contradict the testimony of the State's principal witness, the alleged accomplice "Red" Wilson, which testimony, in itself, changed materially from Wilson's original sworn statement to the police.

The State Habeas Court refused to consider the stark inconsistencies between Detective Martinez's testimony at the two trials because that State Court refused to "acknowledge Brenda's record references/Exhibits." (See State Order signed May 23, 2001 ¶ 6).

Respondent argues, in her Motion for Summary Judgment, that the Court cannot know in *which* of the two trials Martinez gave false testimony, *i.e.*, Respondent suggests that Martinez may have given false testimony in Brenda Colella's trial, not Petitioner's trial. (See Respondent's Motion p. 21). Respondent admits that "it is unclear why Martinez testified as he did at Brenda's trial." (Respondent's Motion p. 20). In my professional opinion, Detective Martinez's Grand Jury testimony would provide crucial evidence on the question whether Petitioner's Due Process rights were violated by the actions and inactions of the State's prosecutor and Detective Martinez. The Grand Jury indicted all three of "Red" Wilson, Brenda Colella, and Petitioner for the murders in question. (Appendix Tab 2). Martinez gave his Grand Jury testimony prior to the State's making of its "Agreement for Immunity from Prosecution for Testimony" with "Red" Wilson, and long before Petitioner's mother had located the alibi witness, Ms. Pflaum. Thus, Detective Martinez's Grand Jury testimony would be the earliest of his three testimonies, as well as the testimony least susceptible to other influence.



B.  <u>The State's Officers' Notes, Memorandums, Audio, Video, or other Recordings, and other Records of "Oral Statements" given by "Red" Wilson to Detective Martinez, other Police Officers, or Employees of the Cameron County District Attorney.</u> (See Petition for Writ of Habeas Corpus ¶¶ 45, 57-59, 142, 146, 149-50.

Accomplice "Red" Wilson gave a sworn statement to the police on September 17, 1991. (Appendix Tab 15). The record reflects that for two days starting on or about May 19, 1992 (and perhaps at other times), Detective Martinez and employees of the Cameron County District Attorney's Office interviewed Wilson again. (See the record references at ¶ 58 of the Petition for Writ of Habeas Corpus).

Shortly after the May 19, 1992, two-day interview of Wilson, the State entered into its "Agreement for Immunity from Prosecution for Testimony" with Wilson (Appendix Tab 5),

The State has maintained that the two-day May 19, 1992, interview of Wilson by Martinez and others was not reduced to writing. For the reasons set forth in paragraphs 142, 146, and 149 of the Petition for Writ of Habeas Corpus, what Wilson told Detective Martinez and the other agents of the State during the two-day May 19, 1992, is vitally important to Petitioner's case, and in my professional judgment, my co-counsel and I need any and all audio and video recordings, notes, memorandums and other documents or items that recorded, summarized, or otherwise demonstrate what Wilson told the State in his two-day May 19, 1992 interview to prosecute his claim that his constitutional rights to Due Process were violated by the actions and inactions of the State's prosecutor and Detective Martinez.

3.  Counsel for Petitioner do not have access to the Grand Jury Testimony of Detective Martinez, or the States' or its agents' records of the State's interviews of accomplice witness "Red" Wilson that are reported not to have been reduced to writing. I am aware of no

way to obtain these items except through discovery from Respondent. In my professional opinion, Respondent's counsel in this action need these items in order to provide a complete response to Respondent's Motion for Summary Judgment, as well as in order to provide effective representation to Petitioner.

_____
Michael V. Powell

Subscribed and sworn to before me, this 15th day of June 2002.



_____
Notary Public in and for the State of Texas

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Affidavit was mailed this date to Mr. Charles A. Palmer, Assistant Attorney General of Texas, P. O. Box 12548, Capitol Station, Austin, Texas 78711, Attorney for Respondent.

Dated: June 15th, 2002

_____
Michael V. Powell