IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 0 3 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| PAUL RICHARD COLELLA, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | NO. 1.01cv166 |
| | § | |
| JANIE COCKRELL, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, | § | |
| INSTITUTIONAL DIVISION, | § | |
| Respondent. | § | |

## RESPONDENT COCKRELL'S RESPONSE
## TO PETITIONER'S MOTION FOR DISCOVERY

This is a habeas corpus case brought by a death row inmate under 28 U.S.C. § 2254. A hearing is set for October 28, 2002, on the Director's motion for summary judgment. Colella has filed a motion for discovery, seeking (1) the grand jury testimony of Detective Luis Martinez, and (2) materials relating to oral statements given by Anthony "Red" Wilson.

## RESPONDENT'S RESPONSE

The Director opposes Colella's motion for discovery. A habeas petitioner is not entitled to discovery as a matter of right, but only "for good cause shown." Rule 6, 28 U.S.C. fol. § 2254. *Bracy v. Gramley,* 520 U.S. 899, 908-09, 117 S. Ct. 1793, 1799 (1997); *Gibbs v. Johnson,* 154 F.3d 253, 258 (5th Cir.1998). Moreover, a habeas petitioner's discovery request must be "relevant and appropriately narrow." Advisory Committee Note to Rule 6, 28 U.S.C. fol. § 2254. Because "Rule 6 does not authorize fishing expeditions," a petitioner's "allegations must be specific, as opposed to merely speculative or conclusory, to justify discovery." *Murphy v. Johnson,* 205 F.3d 809, 814 (2000). *See Jones v. Johnson,* 171 F.3d 270, 278 (5th Cir. 1999) ("Jones' . . . claim that he is entitled to discovery must . . . fail, as he has not made specific factual allegations showing that he is entitled to discovery"); *Gibbs v. Johnson,* 154 F.3d at 259 (affirming district court's denial of discovery because "Gibbs did not make the kind of particularized allegations or showing demanded by *Bracy*").

Colella's discovery request does not show good cause because it "is based purely on speculation." *Murphy v. Johnson,* 205 F.3d at 814. At bottom, Colella's submission is that now--he having been found guilty of capital murder, that conviction having been affirmed, and his state post-conviction application having been denied--this court should allow him discovery and a hearing that *might* uncover something that *might* cast some doubt on the propriety of the state court proceedings. Venerable notions of comity and finality that permeate federal habeas corpus jurisprudence require rejection of this submission:

> The trial of a criminal case in state court [is] a decisive and portentous event. A defendant has been accused of a serious crime, and this is the time and place for him to be tried by a jury of his peers and found either guilty or not guilty by that jury. To the greatest extent possible all issues which bear on this charge should be determined in this proceeding: the accused is in the court-room, the jury is in the box, the judge is on the bench, and the witnesses, having been subpoenaed and duly sworn, await their turn to testify. Society's resources have been concentrated at that time and place in order to decide, within the limits of human fallibility, the question of guilt or innocence of one of its citizens.
>
> * * * * * *
>
> There is nothing in the Constitution or in the language of § 2254 which requires that the state trial on the issue of guilt or innocence be devoted largely to the testimony of fact witnesses directed to the elements of the state crime, while only later will there occur in a federal habeas proceeding a full airing of the federal constitutional claims which were not raised in the state proceedings.

*Wainwright v. Sykes,* 433 U.S. 72, 90, 97 S. Ct. 2497, 2508 (1977). Colella's insistence that the trial testimony of Martinez and Red Wilson might be further impeached amounts to nothing more than an attempt to retry the entire case on guilt-innocence, an inappropriate undertaking for this court, which is "not [a] forum[] in which to relitigate state trials." *Barefoot v. Estelle,* 463 U.S. 880, 887, 103 S. Ct. 3383, 3392 (1983), *quoted in Herrera v. Collins,* 500 U.S. 390, 400, 113 S. Ct. 853, 860 (1993).

2

I.    **Grand Jury Testimony**

Colella's request for Martinez's grand jury testimony is meritless and would properly have been denied even it had been made prior to trial. "There is no general constitutional right to discovery in a criminal case." *Weatherford v. Bursey,* 429 U.S. 545, 559-560, 97 S. Ct. 837, 846 (1977). *See United States v. Bagley,* 473 U.S. 667, 675, 105 S. Ct. 3375, 3380 (1985) (prosecutor "is not required to deliver his entire file to defense counsel"); *United States v. Agurs,* 427 U.S. 97, 106, 96 S. Ct, 2392, 2399 (1976) ("there is, of course, no duty to provide defense counsel with unlimited discovery of everything known by the prosecutor"); *Moore v. Illinois,* 408 U.S. 786, 795, 92 S. Ct. 2562, 2568 (1972) ("We know of no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work in a case"); *Taglianetti v. United States,* 394 U.S. 316, 317, 89 S. Ct. 1099, 1101 (1969) (a defendant "has no right to rummage in government files").

Thus, the rule in the Fifth Circuit regarding the disclosure of grand jury minutes in federal criminal prosecutions–where the court exercises supervisory power that does not extend to state-court cases such as this, and where, unlike the instant case, a presumptively valid conviction of another sovereign is not under attack-- is that a defendant must demonstrate "with particularity a 'compelling necessity' for the materials." *Izen v. Catalina,* 256 F.3d 324, 529-30 (5th Cir. 2001) (quoting *In re Grand Jury Testimony,* 832 F.2d 60, 62-63 (5th Cir. 1987)). Colella does not make this showing. As explained in the Director's motion for summary judgment, the inconsistent testimony on which Colella relies does not show perjury and, in any event, is not material.[1] Motion for Summary Judgment at 15-20. Thus, with or without the grand jury minutes, Colella fails to state a claim for habeas relief and accordingly fails to demonstrate a "compelling necessity" for discovery.

---

[1]    Given Red Wilson's eyewitness testimony and the other circumstantial evidence pointing to Colella, there is no substance to his assertion that Martinez's testimony "was crucial to the State's case." Discovery Motion at 3.

3

## II.     Materials Relating to Red Wilson's Oral Statement

Even more meritless is Colella's request for materials relating to Red Wilson's oral statements. Colella apparently concedes, as he must, that those statements were not reduced to writing, and he makes no showing that any such notes or recordings even exist, much less that they are favorable to him. Thus, his request represents nothing more than a classic fishing expedition that does not meet the "good cause" standard of Rule 6. *See, e.g., Murphy v. Johnson*, 205 F.3d at 814 (affirming denial of discovery where petitioner did not make prima facie showing of a *Brady* claim because he "failed to demonstrate the existence or concealment of deal . . . or that proof of such a deal would be material to the outcome"); *Rector v. Johnson*, 120 F.3d 551, 563 (5th Cir. 1997) (where petitioner "failed to make at least a prima facie showing of what he intends to find and prove, ...[his] discovery request is nothing more than a desire to engage in a fishing expedition"). Colella incorrectly asserts that he is entitled to discovery because he has made "specific allegations of federal constitutional violations . . . ." Discovery Motion at 2. To the contrary, it is settled that the mere assertion of a federal constitutional violation does not necessarily amount to good cause under Rule 6. *Rector v. Johnson, id.*

This request should be denied for the additional reason that it is not "appropriately narrow." Instead, Colella asks for "all documents and things recording and reflecting" Red's statements over a forty-eight-hour period. Discovery Motion at 5. Thus, had Colella shown good cause for discovery--which, as discussed above, he has not--discovery nonetheless should be denied because his request is impermissibly broad.

For the above reasons, the Director requests that Colella's motion for discovery be denied.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

4

MICHAEL T. McCAUL
Deputy Attorney General for
Criminal Justice

GENA BUNN
Assistant Attorney General
Chief, Capital Litigation Division

*[signature]*
CHARLES A. PALMER
Assistant Attorney General
State Bar No. 15426500
Admission ID No. 1523
Attorney in Charge

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1600
Facsimile No. (512) 320-8132

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I, Charles A. Palmer, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Cockrell's Response to Petitioner's Motion for Discovery has been served by placing same in the United States Mail, postage prepaid, on this the 2nd day of July, 2002, addressed to the following:

| | |
|---|---|
| Mike V. Powell | Mandy Welch |
| LOCKE LIDDELL & SAPP | BURR & WELCH |
| 2200 Ross Avenue, Suite 2200 | 1630 Castle Court, Suite A |
| Dallas, Texas 75201 | Houston, Texas 77002. |

*[signature]*
CHARLES A. PALMER
Assistant Attorney General

5