IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
ENTERED
AUG 1 6 2002
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| PAUL RICHARD COLELLA, § | | |
| Petitioner, § | | |
| § | | |
| VS. § | | CIVIL ACTION NO. B-01-166 |
| § | | |
| JANIE COCKRELL, DIRECTOR TEXAS § | | |
| DEPARTMENT OF CRIMINAL JUSTICE § | | |
| INSTITUTIONAL DIVISION, § | | |
| Respondent. § | | |

### ORDER

Paul Richard Colella ("Petitioner"), a Texas prisoner sentenced to death, filed a Motion for Discovery in his federal habeas corpus action. (Docket No. 17). Petitioner seeks discovery based on the allegations in his habeas petition. Specifically, Petitioner asks Respondent to produce the grand jury testimony of one police officer and any notes or other records relating to an oral statement by a witness prior to trial. Respondent opposes the pending discovery Motion. (Docket No. 21). Having considered the discovery request in light of the record and the applicable law, this Court finds that the discovery Motion should be granted.

### LEGAL STANDARD

"A habeas prisoner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6 of the Rules Governing § 2254 Cases controls the availability of discovery in habeas corpus cases. Under Rule 6, "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of discretion and for good cause shown grants leave to do so but not otherwise."

The Fifth Circuit advocates a two-step approach to determining the propriety of discovery. "First, we examine the legal basis for the petitioner's claim to determine whether the petitioner's allegations state a prima facie ... claim." *Montoya v. Scott*, 65 F.3d 405, 417 (5th Cir. 1995). A court must identify the "essential elements" of a petitioner's claims. *See Bracy*, 520 U.S. at 904. "Second, we determine whether the petitioner's allegations, which must be specific and may not be speculative or conclusory, establish "good" cause for discovery under Rule 6(a) ...." *Montoya*, 65 F.3d at 417. "[C]onclusory allegations unsupported by specifics" and "contentions that in the face of the record are wholly incredible" will not entitle a petitioner to discovery. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also Clark v. Johnson*, 202 F.3d 760, 766 (5th Cir.) (finding that a petitioner must demonstrate "specifically alleged factual dispute, not ... a general allegation"). *cert denied*, 531 U.S. 831 (2000). "Simply put, Rule 6 does not authorize fishing expeditions." *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir.) *cert. denied*, 531 U.S. 957 (2000).

## ANALYSIS

Petitioner seeks discovery to bolster two of the claims presented in his petition. First, Petitioner asks Respondent to produce the grand jury testimony of Luis G. Martinez, Jr. ("Detective Martinez"), a Cameron County police detective. Second, Petitioner seeks any "notes, memorandums, audio or video recordings, and other records" of Anthony Randall "Red" Wilson's ("Wilson") oral statement to the police in May of 1992. The Court will address these discovery items separately.

**I.      Grand Jury Testimony**

In his petition, Petitioner claims that the State presented materially false evidence at his trial through Detective Martinez. Detective Martinez, one of the investigating officers in this case,

testified at Petitioner's and his wife's capital murder trial. Petitioner extensively reviewed Detective Martinez's testimony in both cases, citing inconsistencies and differences between the two. Petitioner points to four areas of inconsistency in Detective Martinez's testimony: (1) the estimated time of the victim's death; (2) the date the bodies were discovered; (3) the source of the truck tire tracks at the murder scene; and (4) the caliber of the murder weapon.

Respondent challenges the discovery of the grand jury testimony on three grounds: (1) discovery of grand jury testimony in federal criminal trials is limited; (2) Petitioner has not shown that Detective Martinez testified falsely at his trial; and (3) even if false, the evidence is not "material."[1] These arguments, however, do not prevent discovery in this case. While Respondent points to the limited availability of grand jury testimony in federal criminal trials, she does not present any such authority with respect to Texas law. In fact, Petitioner suggests that Texas law allows for such discovery. Any limitation on federal grande jury testimony does not apply in this circumstance.

While Respondent is correct that Petitioner has not proven Detective Martinez's testimony

---

[1] The Supreme Court has "made clear that deliberate deception of a court and jurors by the presentation of known false evidence is incompatible with "rudimentary demands of justice"." *Giglio v. United States*, 405 U.S. 150, 153 (1972) (quoting *Mooney v. Holohan*, 294 U.S. 103, 112 (1935)). "To obtain relief on his claim that the state knowingly introduced false testimony, [Petitioner] bears the burden of establishing that the evidence was false, that the false testimony was material, and that the prosecution offered the testimony knowing it to be false." *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000); *see also Boyle v. Johnson*, 93 F.3d 180, 186 (5th Cir. 1996), *cert. denied*, 519 U.S. 1120 (1997). The Supreme Court has noted that a conviction obtained by the knowing use of perjured testimony must be set aside if there is any reasonable likelihood that the false testimony could have affected the jury's verdict.." *United States v. Bagley*, 473 U.S. 667, 679 n.9 (1985).

to be false, this only highlights the need for factual development in this case. Petitioner shows that Detective Martinez offered irreconcilable testimony in the two trials. Discovery of his earlier sworn statements will aid the Court in ascertaining the veracity of his statements in Petitioner's trial. Discovery may allow Petitioner to show that Detective Martinez lied.

Finally, Respondent argues that Petitioner has not shown that the inconsistent testimony was "material". At this stage of the proceedings, Petitioner must only show a prima facie case for materiality. While the materiality of some of Detective Martinez's testimony is certainly questionable–such as his equivocation about the date of the murders–other testimony potentially eviscerated Petitioner's ability to put on an alibi defense and called into question Wilson's self-exculpating testimony. Petitioner makes at least a preliminary showing that he can raise a viable claim of perjured testimony. Accordingly, Petitioner has shown good cause for the discovery of Detective Martinez's testimony.

## II.   Wilson's Statesment

Petitioner also asks this Court to allow the discovery of any documents or recordings related to Wilson's first statement to the police. At trial, Wilson provided testimony inculpating Petitioner in the murders. Apparently, the Cameron County's Sheriff's office interviewed Wilson for two days starting on May 19, 1992. Wilson gave a self-serving statement that the police reduced to writing. Pursuant to his attorney's instruction, the police did not record a second statement explaining Petitioner's role in the murders.

Comparing Wilson's testimony at his trial with the testimony in his wife's trial and the evidence of record, Petitioner contends that Wilson provided materially false testimony at trial. Petitioner alleges that this calls into question the integrity of Wilson's plea agreement with the State.

4

To support this claim, Petitioner seeks the disclosure of any material related to the confession, including any written or recorded notes of the statement.

Petitioner apparently sought this material during his state habeas proceedings, both pursuant to a Texas Open Records Act request and a motion to the courts. The Texas Attorney General's office opined that the State had no obligation to surrender such materials and the Texas courts did not address Petitioner's request. Despite his efforts, Petitioner was unable to secure this material.

Respondent now characterizes Petitioner's request as a mere "fishing expedition". Respondent argues that Petitioner cannot demonstrate that any such material exists. Accordingly, Respondent argues that the discovery request is not sufficiently narrow.

While Respondent is correct that Petitioner has not been able to accurately identify any written or recorded material with respect to Wilson's first statement, he would be unable to identify any such material without the States' assistance. It is not unreasonable to suspect that such material is existent.[2] Petitioner has demonstrated that such material would be relevant to his claim. The Court finds that Petitioner has shown good cause for discovery. Respondent will produce any material as described by Petitioner that relates to Wilson's unrecorded statement.

## CONCLUSION

For the reasons stated above, the Court ORDERS that Respondent provide Petitioner with the requested material within thirty (30) days from the entry of this Order. Respondent will also submit a copy of the material to the Court. The parties will submit any supplemental briefing based on the discovery by October 23, 2002.

---

[2] However, if such material does not exist, Respondent should so advise the Court.

5

DONE at Brownsville, Texas, this 15th day of August, 2002.

_____
John Wm. Black
United States Magistrate Judge