IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 1 5 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| PAUL RICHARD COLELLA, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | NO. 1.01cv166 |
| | § | |
| JANIE COCKRELL, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, | § | |
| INSTITUTIONAL DIVISION, | § | |
| Respondent. | § | |

## RESPONDENT COCKRELL'S RESPONSE
## TO ORDER GRANTING DISCOVERY

This is a habeas corpus case brought by a death row inmate under 28 U.S.C. § 2254. A hearing on the Director's motion for summary judgment is scheduled for October 28, 2002. On August 16, 2002, the Court granted Colella's motion for discovery with regard to two items:

1. The grand jury testimony of Cameron County Sheriff's Deputy Luis Martinez; and

2. any notes, memorandums, audio or video recordings and other records of Anthony "Red" Wilson's oral statement to the police in May of 1992.

Because the Cameron County District Attorney's Office was unable to locate these items in time to meet the Court's September 15th discovery deadline, the Director filed an unopposed motion for extension of time as well as an unopposed motion to reschedule the summary judgment hearing. The Court has extended the discovery deadline to October 15th.

### RESPONDENT'S RESPONSE

Further efforts by the District Attorney's Office and other Cameron County law enforcement agencies also have failed to bear fruit, as none of the material ordered to be

provided has been found. Attached hereto are the following exhibits describing those agencies' unsuccessful attempts:

Exhibit A – Affidavit of Assistant District Attorney John A. Olson;

Exhibit B – Letter from Captain Rumaldo Rodriguez of the Cameron County Sheriff's Department;

Exhibit C – Letter from Detective Jaime Rodriguez of the South Padre Island Police Department; and

Exhibit D – Memorandum from Investigator Nikki Arias of the District Attorney's Office.

Opposing counsel, Mike Powell, has expressed to the undersigned his intention to conduct depositions to determine whether all possibilities have been exhausted as far as locating these materials. As discussed in the Director's motion to reschedule the summary judgment hearing, because Colella sought discovery in order to prepare for the hearing, the undersigned and Mr. Powell agree that the hearing should be postponed until the discovery issues are resolved. Thus, the Director requests that the Court rule on his pending motion and reschedule the summary judgment hearing for a later date.

      Respectfully submitted,

      JOHN CORNYN
      Attorney General of Texas

      HOWARD G. BALDWIN, JR.
      First Assistant Attorney General

      DON J. CLEMMER
      Acting Deputy Attorney General for
      for Criminal Justice

GENA BUNN
Assistant Attorney General
Chief, Capital Litigation Division

_____
CHARLES A. PALMER
Assistant Attorney General
State Bar No. 15426500
Attorney in Charge

P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 936-1600
Facsimile No. (512) 320-8132

ATTORNEYS FOR
RESPONDENT-APPELLEE

## CERTIFICATE OF SERVICE

I, Charles A. Palmer, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above Respondent's response to Discovery Order has been served by placing same in the United States Mail, postage prepaid, on this the 9th day of October, 2002, addressed to the following:

Mike V. Powell
LOCKE LIDDELL & SAPP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201

Mandy Welch
BURR & WELCH
1630 Castle Court, Suite A
Houston, Texas 77002.

_____
CHARLES A. PALMER
Assistant Attorney General

# EXHIBIT A

CIVIL CAUSE NO. B-01-166

| | | |
|---|---|---|
| PAUL RICHARD COLELLA | ][ | IN THE UNITED STATES DISTRICT COURT |
| V. | ][ | |
| | ][ | SOUTHERN DISTRICT OF TEXAS |
| JANIE COCKRELL, DIRECTOR, TEXAS DEPT. OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION | ][ | BROWNSVILLE DIVISION |

VERIFICATION.

STATE OF TEXAS )(

COUNTY OF CAMERON )(

BEFORE ME, the undersigned authority, on this day personally appeared JOHN A. OLSON, who states that:

My name is JOHN A. OLSON. I am an attorney representing the Cameron County District Attorney's office, and am aware of the penalty for perjury. I prepared and read the contents of this statement as it pertains to the above-styled and -numbered cause of action, and I affirm that its content is true and correct to my information and personal knowledge.

A few days after my fax of August 20 to the State Attorney General's Office, I located this case's two trial boxes and personally searched for the two items designated in said Office's letter of August 19, 2002. Although I did not find them, I sent documents which I thought most closely fell in their categories. I then went to my boss, Mr. Karen Betancourt, to get an investigator assigned to assist me in tracking down the material from any extra-Office source; I am providing hereto those investigative Office's original responses. I also informed Ms. Arias, the investigator, to document all efforts she made. Attached hereto is a copy of her memo.

As that memo referenced a Joe Alvarado, I notified the Attorney General's Office that he was dead. Also, I directed Arias to contact any court in Ft. Stockton's county to see if Bill Briggs is there, and to contact the State certifying agency for his last-known address. Although we appeared to have located Briggs, and left a message with his mother to contact us, he has not done so as of this moment.

I spoke with Judge Migdalia Lopez, who was the lead prosecutor of Paul and Brenda's cases, to see if she remembered anything about Martinez's Grand Jury testimony and Anthony "Red" Wilson's May 1992 statements. I learned that she did not recall that the first existed, and was certain that Paul's attorney would have received copies of any police-generated statements containing Red's statements as each officer testified, if not also in an in-Office discovery session (as was this Office's custom).
CIVIL CAUSE NO. B-01-166, P. 1 OF 2

As far as Red's Grand Jury testimony and/or police-taped statements, she had no recollection of any. Lopez also stated that had there been Grand Jury testimony for Martinez or Red, there would be a Record as to whether it should be produced because she would not have just turned it over by a written or oral motion.

I also spoke with Luis Martinez, and he stated that he really could not recall if he testified before the Grand Jury and that, if he did, there was a court reporter at the Grand Jury. He also did not recall reading a transcript, and knew that Red's post-arrest statements were not machine-recorded by the Sheriff's Office. He did not know if Alvarado taped his interview with Red. He also said he gave Ms. Arias the names of Eric Schwab and Jimmy Eaves as court reporters because he knew, from his experience in preparing cases for Grand Jury presentation, that they were the ones who usually transcribed Grand Jury testimony. So if he did give testimony, which he could not say one way or another, Martinez thought that they would have transcribed it. Martinez knew who Briggs was, but did not recall him being present.

After talking to Martinez, I reviewed Paul's trial boxes for the third time, this time with an eye towards finding any document generated/collected by Alvarado. I found none, nor did I find any document showing that Martinez or Red testified before the Grand Jury and that their statements were recorded in any fashion and/or transcribed.

I want to assure all concerned that my examinations of the two trial boxes were not cursory; I looked in every file three times, and the last two times between every sheet therein in an effort to assure all concerned that the items I was directed to look for were not misfiled in the boxes. I also want to assure all concerned that I am unaware of any other trial box or container for this inmate's case either collected, generated and/or stored by this Office, and that I will address this matter as an on-going investigation until notified otherwise, and that I will notify the Attorney General's Office of any new discoveries as soon as they are known to me.

    FURTHER AFFIANT SAITH NOT.

*[signature]*

JOHN A. OLSON, Affiant

Sworn to and subscribed before me on October 2, 2002, to which witness my hand and seal of office.

*[Notary seal: BEA SALINAS, Notary Public, State of Texas, My Commission Expires 2-14-2005]*

My Commission expires 2-14-05

*[signature]*

NOTARY PUBLIC in and for Cameron County, Texas

CIVIL CAUSE NO. B-01-166, P. 2 OF 2

# EXHIBIT B

Harrison Street
Brownsville, Texas 78520
956.550.7290
956.544.0878 Fax

608 East Ha
Harlingen, T
95
Fax 95



**CONRADO M. CANTÚ**
Sheriff

September 24, 2002

John A. Olson
Assistant County

From: Capt. Rumaldo Rodriguez

Sir:

This is to inform you that, I am the custodian of records for the Sheriff's Department. I have exhausted all efforts regarding the Richard Paul Colella case, and we are not in possession of any kind of information. If you have any questions please contact me at the Sheriff's Office 554-6700.

Respectfully

*Rumaldo Rodriguez*
Rumaldo Rodriguez
Captain
Cameron County Sheriff's Dept.

# EXHIBIT C



# SOUTH PADRE ISLAND POLICE DEPARTMENT

PHONE (956) 761-5454     4501 PADRE BLVD. • P.O. BOX 3410
SOUTH PADRE ISLAND, TEXAS 78597     FAX (956) 761-1452

**ROBERT RODRIGUEZ**
CHIEF OF POLICE

September 19, 2002

Cameron County District Attorney's Office
Attention: John Olson
974 East Harrison
Brownsville, Texas 78520

Mr. Olson,

    As per your request I have researched the records of the South Padre Island Police Department and found no matches. A query was done on the three individual names given to me by DA Investigator Nikki Arias. The names given were Paul Richard Colella, Brenda Bowling Colella and Anthony Wilson (AKA RED). A query was also done on the date of the offense 09/13/1991 and again I was unable to find any possible matches. I in addition made contact with investigators that were assigned in the Criminal Investigation Division back in 1991 and was advised that the offense had occurred outside of South Padre Island Police Department jurisdiction. I was further advised that no evidence was recovered or stored at South Padre Island Police Department evidence room.

    Should something come up in your case investigation that might reveal evidence stored here in our facility under a different name please let me know. I will conduct any additional queries that you may need. Feel free to contact me at anytime should you need additional information or have any questions.

Thank you,

_____
Detective Jaime Rodriguez



# EXHIBIT D

## MEMORANDUM OF INVESTIGATION

| FILE NUMBER<br>92-CR-173-A | TITLE<br>Colella, Paul Richard | REPORT<br>NO.: 1 |
|---|---|---|

1. On September 05, 2002 ADA John Olson asked if I would check the grand jury records to see if any one testified before the grand Jury when Coellela case was presented to the grand Jury in 1992. Mr. Olson stated he needed this information to pass on to the attorney general Office so the transcripts of the grand jury testimony could be obtained.
2. On September 05, 2002 I check within the grand jury records, Volume #7 Page 109 and found that Cameron County Sheriff's Department Sgt. Luis Martinez testified before the 197th Judicial District Court Grand Jury on February 26, 1992 at the time the Colella case was presented to the Grand Jury.
3. The above information was relayed to Mr. Olson. Mr. Olson inquired as to who was the court reporter and I advised Mr. Olson the Grand Jury Records only reflected who testified it did not reflect the name of the court reporter who documented the Sgt. Martinez's testimony. Mr. Olson asked if I could obtain the name of the court reporter that was present on that date. I then checked with the Cameron County District Attorney's Office Clerical Supervisor, Marvelia Cano and was advised that our office does not keep original records that far back. Mrs. Cano did check with the Cameron County Auditors Office, Rob Almon and he stated the County only keeps records for five years. The records were not obtainable from the financial records.
4. Mr. Olson and Chief Investigator Gualberto Gonzalez both stated they thought back in 1992 Eric Schwabb was utilized often with the Grand Juries. On September 5, 2002 at approximately 2:44 p.m. I contacted Eric Schwabb, 2900 Central Blvd, Brownsville, Tx, (956) 544-5126. Mr. Schwabb checked his ledgers and advised he was not used on that date for Grand Jury Testimony.
5. Mr. Olson requested if I could locate Luis Martinez, on September 06, 2002 I was able to contact Luis Martinez, (956) 542-5617. Mr. Martinez advised that he did testify before the Grand Jury regarding the Colella case in 1992. Mr. Martinez was asked if he could remember who was the court reporter on that date. Mr. Martinez stated he thought the court reporter was Jimmy Eaves.
6. On September 13, 2002 Chief Investigator Gualberto Gonzalez made contact with Jimmy Eaves. Mr. Eaves checked his ledgers and advised that he was not the court reporter on February 26, 1992 that was utilized by the Grand Jury.
7. On September 17, 2002 I received a request dated 09-16-02 from Mr. Olson regarding a list of items that he is requesting to be done regarding the Colella case.
8. On September 17, 2002, at approximately 9:33 a.m. I was contacted by Luis Martinez. During our conversation Mr. Martinez stated that he recalls talking to Anthony "RED" Wilson while he was in jail on an unrelated offense when he began talking about the Murder. Mr. Martinez stated he requested some one from the District Attorney's office to be present during this interview. Mr. Martinez stated District Attorney Investigator Joe Alvarado was the person who spoke to Wilson about the Murder.
9. On September 17, 2002, I telephoned Captain Lopez, Cameron County Sheriff's Department regarding the request of John Olson and was advised that he would not be in the office. I

left a message for him to return my call.

10. On September 17, 2002, at approximately 1:56 p.m. I made contact with South Padre Island Police Department, Det. Rodriguez regarding the request from Mr. Olson. Det. Rodriguez stated that he would do a little research regarding this information and will call me back.

11. On September 19, 2002 I made contact with the Cameron County Sheriff's Department and was advised that Captain Lopez was not in and would not be in for the rest of the day. Another message was left for him to return my call.

12. On September 19, 2002, at approximately 1:46 p.m. I spoke Lt. R. Rodriguez of the Cameron County Sheriff's Department and explained to him what was needed. I then asked if he could call me back today to let me know if Captain Lopez had obtained the information.

13. On September 19, 2002, I contacted the Court Reporter's office for John (Jack) Corr and learned that he was in the 138th in trial. Mr. Corr may know how to contact Bill Briggs and he may have worked the Grand Jury on that date in 1992. Left a message for him to contact this office.

14. On September 19, 2002, at approximately 2:20 p.m. I spoke to Det. Rodriguez, South Padre Island, he will deliver the letter that was requested on Friday morning, September 20, 2002. He was unable to locate any documents or evidence regarding this case within his agency.

15. On September 19, 2002, I was contacted by John Corr. Mr. Corr stated that he did the Colella trial but he could not recall if he did the Grand Jury testimony. He would check his document and call back.

16. On September 20, 2002, I was by John Corr. He advised that he did not do the transcription back in 1992 for the Grand Jury. Mr. Corr also stated the last time he heard Mr. Bill Briggs was in Fort Stockton, TX.

17. On September 20, 2002, Det. Rodriguez, South Padre Island hand delivered the letter regarding this case. The letter was turned over to John Olson.

18. As of September 20, 2002 I had not received any information from the Cameron County Sheriff's Department. Mr. Olson and myself spoke with First Assistant Karen Betancourt and advised her of the situation. She advised that she communicates with Captain Lopez by email because he was out sick. I advised her that I had contacted Lt. Rodriguez regarding the Colella case also. She advised to us the email to contact Captain Lopez.

19. On September 20, 2002, at approximately 3:53 p.m. I emailed Captain Lopez and Lt. Rodriguez, Cameron County Sheriff's Department.  (copy of email attached)

20. On September 20, 2002 at approximately 3:55 p.m. I received a reply email from Captain Lopez. I then sent a response back to Captain Lopez. (attached also)

21. On September 20, 2002, at approximately 4:35 p.m. Lt. Rodriguez Cameron County Sheriff's Department contacted me and he advised that he could not find any files nor any evidence regarding the Colella case in the new Sheriff's Department facility he would check in the storage but he does not think they will find any thing because the previous Sheriff destroyed all the past records. I explained that all we needed was a letter stating what documents or evidence they possessed regarding the Colella case and if they did not have anything a letter stating that.

22. On September 24, 2002, I delivered a letter from Mr. Olson to Captain Lopez, Cameron County Sheriff's Department and advised the letter that was requested by Mr. Olson needed to be in by September 24, 2002.
23. Contact was made with Gualberto Gonzalez on September 25, 2002 and I was advised that Rumaldo Rodriguez, Cameron County Sheriff's Department, had faxed a letter responding to Mr. Olson's request. I advised Mr. Gonzalez that Mr. Olson needed the original letter not a fax.
24. On September 27, 2002 I contacted the Court Reporters Certification Board in Austin, TX regarding the number and address for Bill Briggs. I was advised that a written request to the open records department would be needed to obtain the information I needed.
25. On September 30, 2002 a faxed request was sent to the Court Reporters Certification Board and received the information thirty minutes later. Bill Briggs, 1700 W. Division St. Ft. Stockton, TX 79735, (915) 336-6583.
26. On September 30, 2002, at approximately 11:00 a.m. I telephoned (915) 336-6583 and received an answering machine where I left a message for Bill Briggs to return my call.
27. On September 30. 2002, at approximately 3:30 p.m. I received a telephone call from Rumaldo Rodriguez, Cameron County Sheriff's Department. I advised Capt. Rodriguez we needed the original letter of the one that was faxed to Mr. Olson from the Sheriff's Department. Capt. Rodriguez acknowledged that we needed the letter.
28. On October 01, 2002 I received the letter from the Sheriff's Department.
29. On October 01, 2002, I telephoned (915) 336-6583 and left a message for Bill Briggs. I spoke to Mr. Briggs' mother and advised her of the information needed by this office. She advised that she would give him the information but he is in Federal Court and does not know when he will be able to return my call.

Investigator: Nikki Arias     Date: 10-01-02

Page 3 of 3