IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 7 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| PAUL RICHARD COLELLA, § | |
| Petitioner, § | |
| § | |
| v. § | NO. 1.01cv166 |
| § | |
| JANIE COCKRELL, DIRECTOR, § | |
| TEXAS DEPARTMENT OF § | |
| CRIMINAL JUSTICE, § | |
| INSTITUTIONAL DIVISION, § | |
| Respondent. § | |

### AGREEMENT ALLOWING LIMITED ADDITIONAL DISCOVERY REGARDING MATTERS ON WHICH DISCOVERY HAS BEEN GRANTED

On August 16, 2002, the Court granted Colella's motion for discovery with regard to two items: (1) the grand jury testimony of Cameron County Sheriff's Deputy Luis Martinez, and (2) any notes, memorandums, audio or video recordings and other records of Anthony "Red" Wilson's oral statement to the police in May of 1992. The Court ordered Respondent to produce the documents on or before October 15, 2002. On October 9, 2002, Respondent filed a response stating that Cameron County reports that it cannot locate any of the documents ordered to be produced. Colella has served notice of his intention to conduct depositions on January 2, 2003, of (1) a designated representative of Cameron County, (2) John A. Olson, and (3) Luis G. Martinez, Jr.

Even though the Court's order of August 16, 2002, does not authorize oral depositions, Respondent has agreed to allow them to go forward (and will use her best efforts to secure the presence of the documents and the witnesses set out below) in exchange for Petitioner's agreement that the scope of the depositions will be limited to the efforts of Cameron County officials to obtain the items for which discovery was allowed in the Court's

order of August 16, 2002, and whether other avenues exist for obtaining them. The parties thus agree that the depositions noticed for January 2, 2003, will be limited as follows:

For all three deponents, the areas of examination shall be limited to (1) whether the District Attorney's Office or any other agency or political subdivision of Cameron County has, or ever has had, in its possession a record of Martinez's grand jury testimony; (2) whether the DA's Office or any other agency or political subdivision of Cameron County has, or ever has had, in its possession any notes, memorandums, audio or video recordings and other records of Anthony "Red" Wilson's oral statement to the police in May of 1992; (3) the document retention policy of the DA's Office; (4) the policy of the DA's Office regarding witness interviews and grand jury testimony; and (5) the procedure used by the DA's Office before the Cameron County Grand Jury.

For the Cameron County representative and John A. Olson, the documents to be provided shall be limited to (1) all documents relating to or concerning the document retention policies of the DA's Office, the Sheriff's Office, and any other Cameron County office that is a custodian for grand jury transcripts, including any change made since 1992; (2) all documents reflecting or concerning the policies or procedures of the DA's Office, the Sheriff's Office, and any other Cameron County in effect in 1992 governing recording or making or retaining memorandums of interviews with persons suspected of, or indicted for, felonies, and of witnesses; (3) all documents reflecting or concerning the procedure used in 1992 by the DA's Office before the Cameron County Grand Jury: (4) check stubs or other pay records of Cameron County showing payments made by Cameron County to court reporters for court reporting services in 1992; (5) all grand jury testimony in whatever form available given by Martinez leading up to the indictment filed as No. 92-CR-173-E on or about February 26, 1992; (6) all tape recordings, video recordings, written statements,

2

officers' or stenographers' notes, and other documents recording any or all of Wilson's interrogation by Cameron County officers or representatives of the DA's Office on or about May 19, 1992; and (7) the documents "which [Olson] thought most closely fell in their categories" that he forwarded to the Attorney General of Texas, as reported in the second paragraph of his "Verification" signed October 2, 2002.

For Martinez, the documents to be provided shall be limited to (1) all grand jury testimony in whatever form available given by Martinez leading up to the indictment filed as No. 92-CR-173-E on or about February 26, 1992; and (2) all tape recordings, video recordings, written statements, officers' or stenographers' notes, and other documents recording any or all of Wilson's interrogation by Cameron County officers or representatives of the DA's Office on or about May 19, 1992.

By signing this agreement, counsel for Petitioner (1) do not agree that the limitations contained herein are applicable to, or constitute a bar to, any further discovery they may seek, including additional depositions allowing testimony on other subjects and production of additional documents from these witnesses or other witnesses, and (2) do not waive their right to seek a court order allowing further discovery. By signing this agreement, counsel for Respondent do not agree to allow any further discovery, including additional depositions allowing testimony on other subjects and production of additional documents from these witnesses or other witnesses, absent a court order permitting same.

Signed this the 11th day of December, 2002.

*/s/ Michael Powell*
MICHAEL V. POWELL
Attorney for Petitioner


GREG ABBOTT
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

**DON J. CLEMMER**
**Acting Deputy Attorney General for**
for Criminal Justice

GENA BUNN
Assistant Attorney General
Chief, Capital Litigation Division

*/s/ Charles A. Palmer*
CHARLES A. PALMER
**Assistant Attorney General**
**State Bar No. 15426500**
**Attorney in Charge**

**P. O. Box 12548, Capitol Station**
**Austin, Texas 78711**
**(512) 936-1600**
**Facsimile No. (512) 320-8132**

ATTORNEYS FOR
RESPONDENT-APPELLEE

## CERTIFICATE OF SERVICE

I, Charles A. Palmer, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above Joint Agreement Limiting Discovery has been served by placing same in the United States Mail, postage prepaid, on this the __th day of December, 2002, addressed to the following:

Mike V. Powell
LOCKE LIDDELL & SAPP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201

Mandy Welch
BURR & WELCH
1630 Castle Court, Suite A
Houston, Texas 77002.

_____
CHARLES A. PALMER
Assistant Attorney General

5