IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RICHARD PAUL COLELLA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 01-CV-166 |
| | § | |
| JANIE COCKRELL, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division, | § | |
| Respondent. | § | |

**RESPONDENT COCKRELL'S OBJECTIONS
TO PETITIONER'S PROPOSED DISCOVERY ORDER**

Petitioner Richard Paul Collela ("Colella")[1] was properly convicted and sentenced to death in Texas state court for the murders of Michael Lavesphere and David Ray Taylor. In the instant proceeding, Colella seeks federal habeas relief pursuant to 28 U.S.C. § 2254. On August 18, 2002 this Court ordered the Director to produce (1) the grand jury testimony of Cameron County Sheriff Detective Luis G. Martinez, Jr. and (2) any records made of the interview by the State of accomplice witness Anthony Randall "Red" Wilson ("Wilson"). After obtaining the agreed extension of time, the Director filed her response to the discovery order stating that the Cameron County District Attorney's Office was unable to located either item. Pursuant to the Court's directive at the January 13, 2002 hearing, Colella filed a proposed discovery order outlining further efforts to be made by the Director in effort to secure the documents in question. The Director lodges the following objections to that proposed order:

---

[1] For purposes of clarity, Respondent Janie Cockrell will be referred to as "the Director."

## OBJECTIONS TO PROPOSED DISCOVERY ORDER

Initially, the Director objects to the assertion in Colella's proposed order that "Respondent's attorney and the Cameron County authorities have not, to this point, exercised diligence to comply with this Court's Order of August 18, 2002." It is clear from the affidavit and deposition testimony of former Cameron County Assistant District Attorney John Olson that sufficient effort was expended in an attempt to comply with the discovery order. Olson obtained all known files concerning Brenda and Paul Collela's trial in the possession of Cameron County District Attorney's office, then thoroughly searched those files several times. Olson also contacted both Luis Martinez and the lead prosecutor in these cases. Martinez could not remember whether he had testified at the grand jury. The prosecutor was similarly unable to recall whether there was any grand jury testimony from Martinez in this case. He further enlisted the aid of an investigator in the district attorney's office to determine whether these documents existed outside of the District Attorney's office. Inquires were made to the South Padre Island Police Department as well as the Cameron County Sheriff's Department. Neither entity possessed documents responsive to the discovery order. The district attorney investigator also made phone calls to several Cameron County court reporters in order to ascertain whether they were assigned to transcribe Luis Martinez' grand jury testimony. Accordingly, it cannot be said that the efforts to comply with this Court's previously entered discovery order lacked diligence.

Next, the Director objects to any determination by this Court that the Cameron County District Attorney, Sheriff, Treasurer, Auditor, and other county officials are equivalent to parties in this proceeding for purposes of discovery. The Texas Attorney General's Office does not represent these entities or individuals in this proceeding. *See e.g. Fierro v. Johnson*, 197 F.3d 147, 155-56 (5th Cir. 1999) ("The attorneys for the Texas Department of

2

Corrections in a federal habeas case do not act as prosecutors of the crime investigated by the law enforcement officers...Although these attorneys will undoubtedly point to the work of the prosecuting attorneys to defend the petitioner's continuing detention, the Director's attorneys neither work with the police in a common enterprise, nor are they in the business of prosecuting crime."). Furthermore, neither the Director nor the Texas Attorney General's Office has custody or control of the requested records. More importantly, however, the Texas Attorney General's Office has no authority to compel the county entities to produce these documents, even assuming they exist.[2] Thus, the imposition of sanctions against the Director or the Attorney General's Office for the failure of these county entities to produce the documents named the August 18, 2002 order or in any further discovery order entered by this Court would be improper.

Therefore, any order compelling the production of (1) "a complete photocopy of the grand jury record appearing at Volume 7, Page 109, of the Cameron County Grand Jury Records"; (2) the Cameron County Sheriff's file; or (3) record showing payments made by Cameron County to contract court reporters in 1992[3], should be addressed directly to the

---

[2] As stated, *supra*, there is serious question as to whether there was any record made of the interview Anthony "Red" Wilson by the State. There is also some question regarding whether Luis Martinez' grand jury testimony was ever transcribed. Frank Martinez, and attorney representing Cameron County at the deposition of Gualberto Gonzalez stated that the decision of whether to transcribe a particular witness' grand jury testimony was made on a case-by-case basis by the prosecutor. GONZALEZ DEPOSITION at 30-31. No one at the Cameron County District Attorney's office specifically remembers a transcript of Luis Martinez' grand jury testimony. Furthermore, as stated in the attached memorandum from the Attorney General's Open Records Division, the February 8, 1999, open records letter ruling which states in part, "Some of the enclosed documents were presented to, subpoenas issued by and testimony given before the grand jury," does not necessarily imply that grand jury testimony was contained in the two boxes of documents reviewed by the attorney general's office at Cameron County's request.

[3] The Director objects to ordering Cameron County to produce records showing (continued...)

Cameron County officials who have actual care, custody, and control over these records. While the Attorney General's office will facilitate compliance with the Court's discovery to the extent possible, the Attorney General's office has no authority to compel the Cameron County entities to produce these items.

Finally, the Director objects to ordering the Cameron County Sheriff's Department's investigation file of the Lavesphere and Taylor murders for an *in camera* inspection by this Court. The Cameron County Sheriff's Department has already reported in a September 24, 2002, letter to Assistant District Attorney John Olson that the sheriff's office does not possess any records regarding Colella's case. Indeed, it is clear on the face of the record that the documents which Colella believes may be contained within such a file do not exist. Luis Martinez testified during Brenda Colella's trial that this May 1992 interview with Anthony "Red" Wilson was, by agreement, an oral interview and was not recorded.[4] Accordingly, an order compelling the production of a file that the sheriff's department has stated they do not possess to search for documents that never existed is dilatory and not contemplated within the limited application of discovery in federal habeas corpus proceedings.

## CONCLUSION

The Director respectfully requests that Collella's proposed order be rejected and that

---

[3](...continued)
payments made by Cameron County to contract reporter throughout the entirety of 1992. This is unduly burdensome as the Director would be required to contact all of these court reporters to determine whether they, in fact, recorded Luis Martinez' grand jury testimony. The Director believes that records reflecting payments by Cameron County to court reporters from the period of February 26, 1992 until September 26, 1992 is sufficient to identify, if possible, the court reporter used to transcribe the grand jury testimony at issue here.

[4]     Record of State Court Proceedings from Brenda Colella's Trial, Vol 5, pgs. 215, 222-23.

this Court enter a revised discovery order in light of the Director's objections.

                                          Respectfully submitted,

                                          GREG ABBOTT
                                          Attorney General of Texas

                                          BARRY McBEE
                                          First Assistant Attorney General

                                          JAY KIMBROUGH
                                          Deputy Attorney General
                                          for Criminal Justice

                                          GENA BUNN
                                          Assistant Attorney General
                                          Chief, Capital Litigation Division

                                          */s/ Tina J. Dettmer*
                                          TINA J. DETTMER
                                          Assistant Attorney General
                                          State Bar No. 24026139

                                          Office of the Attorney General
                                          Capital Litigation Division
                                          P.O. Box 12548, Capitol Station
                                          Austin, Texas  78711-2548
                                          Telephone:  (512) 936-1600
                                          Telecopier:  (512) 320-8132

                                          ATTORNEYS FOR RESPONDENT