

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PAUL RICHARD COLELLA, | § § | |
| PETITIONER, | § § | |
| v. | § § | CIVIL ACTION NO. 1.01cv166 |
| JANIE COCKRELL, DIRECTOR, | § § | |
| RESPONDENT. | § § | |

## O R D E R

On August 18, 2002, this Court entered an Order pursuant to Rule 6 of the Rules Governing § 2254 Cases requiring Respondent to produce two items: (1) the grand jury testimony of Detective Martinez of the Cameron County Sheriff's Department ("Martinez") and (2) all records made of the interview by the State of the accomplice witness Anthony Randall "Red" Wilson ("Wilson"). After obtaining an agreed extension of the time within which the Court required production of the two items, Respondent filed her Response to Order Granting Discovery, which as its bottom line stated that the Cameron County District Attorney's Office reports that it cannot locate either item.

Counsel for the parties then entered into an Agreement Allowing Limited Additional Discovery Regarding Matters on which Discovery Has Been Granted, which is on file with the District Clerk ("Discovery Agreement"). Pursuant to the Discovery Agreement, Petitioner's counsel served deposition subpoenas and took certain oral depositions in Brownsville, Texas.

At a hearing before this Court on January 13, 2003, Petitioner offered two depositions into evidence, specifically, the depositions of Martinez and John Andrew Olson, a former

34

Assistant District Attorney in Cameron County who provided the affidavit attached to Respondent's Response to Order Granting Recovery.

On January 13, 2003, this Court ordered an evidentiary hearing in this § 2254 case as provided by Rule 8 of the Rules Governing § 2254 Cases. That hearing is set by order of the Court to commence June 9, 2003.

At the hearing on January 13, 2003, Petitioner's counsel moved the Court to order Respondent, and her counsel, who are Assistant Texas Attorneys General, to take additional steps to locate and produce the two items this Court ordered Respondent to produce. Petitioner moved the Court to state in such an Order that if Respondent does not produce the two items the Court has ordered her to produce within the additional time allowed by the Court, the Court will impose an appropriate discovery sanction under Rule 11 of the Rules Governing § 2254 Cases, fashioning such a sanction from Rule 37 of the Federal Rules of Civil Procedure.

The Court has reviewed the depositions of Martinez and Olson that were admitted into evidence on January 13, 2003, and is of the opinion that Respondent's attorneys and the Cameron County authorities have not, to this point, exercised diligence to comply with this Court's Order of August 18, 2002. The Court remains of the opinion that the two items it ordered produced may be important to presentation of evidence in the evidentiary hearing ordered in this case.

The Court hereby puts the District Attorney, Sheriff, Treasurer, County Auditor, and the other county officials of Cameron County, Texas, both elected and appointed, on notice that even though they are not named parties to this § 2254 proceeding, the Court considers them to be equivalent to parties and required to fully comply with this Court's Orders in this action. *See,*

2

*e.g., Cherrix v. Braxton*, 131 F. Supp. 2d 756, 776-77 (E.D. Va. 2000), *appeal dism'd and mandamus denied*, 258 F. 3d 250 (4th Cir. 2001).

Accordingly, for good cause shown, the Court ORDERS as follows:

1. Within fourteen (14) business days after the date of this Order, Respondent is ORDERED to produce to Petitioner's counsel a complete photocopy of the grand jury record appearing at Volume 7, Page 109, of the Cameron County Grand Jury Records, as described in Item 2 of the Memorandum of Investigation attached to Respondent's Response to Order Granting Discovery. If Respondent maintains that said record contains confidential material that cannot be released to Petitioner's counsel, then Respondent shall produce that record to this Court within ten business days for an *in camera* inspection, along with a statement of what information Respondent believes cannot be released to Petitioner's counsel.

2. Within fourteen (14) business days after the date of this Order, Respondent is ORDERED to produce the compete file of the Cameron County Sheriff's Department on the investigation of the murders for which Petitioner was indicted for *in camera* inspection by this Court to determine whether any record of Wilson's May 1992 interview is, or ever was, in that file.

3. Within fourteen (14) business days after the date of this Order, Respondent is ORDERED to produce to Petitioner's counsel records of Cameron County, Texas, showing all payments to contract court reporters during 1992 in a further attempt to ascertain the identity of the court reporter who recorded Martinez's grand jury testimony. Respondent's counsel are ORDERED to contact any contract reporters whose names appear to determine whether they recorded Martinez' grand jury testimony. If this search does not identify the name of the pertinent court reporter, Respondent's counsel are ORDERED to contact the Official Court

Reporters employed by the Cameron County courts in 1992 to determine whether one of them recorded that grand jury testimony. Respondent's counsel are also ORDERED to take the necessary steps to contact Mr. Bill Briggs, a former Cameron County court reporter who is now reported to be employed by the United States District Court for the Western District of Texas (see Item 24 of the Memorandum of Investigation)

4.     Finally, it is ORDERED that Respondent is granted additional time, to and including the expiration of thirty (30) calendar days after the date of this Order, within which to comply with this Court's Order of August 18, 2002. If Respondent does not comply by that time, the Court will entertain a motion by Petitioner for appropriate discovery sanctions under Federal Rule of Civil Procedure 37, as applied in this case through Rule 11 of the Rules Governing § 2254 Cases.

DONE at Brownsville, Texas, this 10th day of FEBRUARY, 2003

John Wm. Black
United States Magistrate Judge