# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

FEB 21 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| PAUL RICHARD COLELLA, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-01-166 |
| | § | |
| JANIE COCKRELL, | § | |
| DIRECTOR, TEXAS DEPARTMENT | § | |
| OF CRIMINAL JUSTICE, | § | |
| INSTITUTIONAL DIVISION, | § | |
| Respondent. | § | |

## ORDER

Pending before the Court is Respondent Janie Cockrell's ("Respondent") "Motion to Strike Petitioner's Exhibits 36, 63, and 64." (Docket Entry No. 10). Respondent first challenges Petitioner Paul Richard Colella's ("Petitioner") reliance on Exhibit 36 to support his allegation that pretrial publicity tainted the jury pool in his case. (Document No. 10, Exhibit 36).[1] Respondent contends that this affidavit should be stricken from the record because it is based on hearsay testimony. In the Report and Recommendation entered today, this Court recommended the denial of Petitioner's claim that pretrial publicity infected his trial with prejudicial bias. In doing so, this Court did not rely on the allegations contained in habeas counsel's affidavit. Accordingly, Respondent's motion in that regard is moot.

Respondent also contends that two affidavits from jurors who served at Petitioner's trial should be stricken from the record. (Document No. 10, exhibits 63-64.) These affidavits detail the

---

[1] Exhibit 36 is an affidavit from one of his current attorneys explaining an investigator's effort to obtain copies of media coverage of Petitioner and his co-defendant wife's trials.

jury's response in deliberations to trial witness testimony and defense counsel's efforts in his client's behalf. Respondent contends that Rule 606(b) of the Federal Rules of Evidence bars this Court's consideration of those affidavits. Respondent notes that "[t]he post-verdict inquiry of jury members, as live witnesses or by affidavit, is inappropriate and precluded by Federal Rules of Evidence 606(b)." *Williams v. Collins*, 16 F.3d 626, 636 (5th Cir.), *cert. denied*, 512 U.S. 1289 (1994). Petitioner, however, emphasizes that this Court's review in habeas cases focuses on the state court's determinations in light of the evidence presented in that forum. Petitioner argues that, because the state habeas court considered the substance of the challenged affidavits in state court, this Court must also review their contents to determine the state determination's "reasonableness." *See* 28 U.S.C.§ 2254(d).

The parties have not provided significant briefing concerning the interplay between Rule 606(b) and the AEDPA. While other courts have explored Rule 606(b)'s influence in cases where the state courts considered evidence from the jury's deliberations, *see, e.g, Loliscio v. Good*, 263 F.3d 178. 186-89 (2d Cir. 2001), the parties have not directed the Court's attention to any Fifth Circuit authority on point. *Cf. Drew v. Collins*, 964 F.2d 411, 415-16 (5th Cir. 1992) (considering in a pre-AEDPA case affidavits that had been submitted to the state habeas court regarding jury discussions about parole), *cert. denied*, 509 U.S. 925 (1993). Nonetheless, in the Report and Recommendation of even date the Court denied Respondent's summary judgment motion on those grounds supported by the jurors' affidavits. At this point in the proceedings, this Court does not need to determine the admissibility of the affidavits. This Court, therefore, **DENIES WITHOUT PREJUDICE** Respondent's motion to strike but will reconsider the issue as it arises in the future.

DONE at Brownsville, Texas this 19 day of FEBRUARY, 2003.

_____
John Wm. Black
United States Magistrate Judge