IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 3 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| PAUL RICHARD COLELLA, | |
| Petitioner, | |
| -V- | CIVIL ACTION NO. 1:01CV166 |
| JANIE COCKRELL, Director, Texas Department of Criminal Justice, Institutional Division, | |
| Respondent. | |

### PETITIONER'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION SIGNED FEBRUARY 19, 2003 [Docket No. 36]

In order to preserve the issues for further review in this Court and higher courts, petitioner Paul Richard Colella objects to all of the portions of the Magistrate Judge's Report and Recommendation signed February 19, 2003 [Docket No. 36] that give deference under 28 U.S.C. § 2254 to the Texas habeas court's "Order on Applicant's Amended Application for Writ of Habeas Corpus Pursuant to Tex. Code Crim. Proc. Art. 11.071 §4A(f) (2001)" [Appendix to Petition for Writ of Habeas Corpus in this Court, Vol. VIII:Tab 68 (hereinafter the "State Order")].

Without limiting the foregoing, Petitioner objects to the statement in footnote 1 of the Magistrate Judge's Recommendation and Report that the "quality" of the state "process" makes no difference on whether the federal courts may give "deference" to the State Order (and any purported

finding or conclusion therein). Petitioner also objects to all statements in the paragraph of the Magistrate Judge's Report and Recommendation that begins on the last two lines of page 8 and continues on page 9 until the heading "Procedural Bar," insofar as that paragraph grants "deference" to the State Order (or any portion thereof) in this case.

In his dissent from the Fifth Circuit's denial of rehearing *en banc* in *Valdez v. Cockrell*, 288 F.3d 702 (5th Cir. 2002), Circuit Judge James Dennis wrote that "if a full and fair hearing [in state court] is not a prerequisite to a state-court adjudication on the merits that is entitled to deference in federal court under the AEDPA, then state courts are free to (1) rubber-stamp the prosecuting body's proposed findings of facts and conclusions of law, (2) deny the petitioner relief without affording him a hearing, and (3) effectively prevent a federal court from later granting the requested relief." 288 F.3d at 703. In Petitioner's case, the first two parts of Judge Dennis's parade of horribles already have occurred.[1]

As Petitioner detailed at pages 4 through 21 of his Brief in Opposition to Respondent's Motion for Summary Judgment, filed June 18, 2002 [Docket No. 20], the State Order in this case was entered by a different state trial judge from the judge who presided at petitioner's trial on the

---

[1] In *Miller-El v. Cockrell*, No. 01-7662 (U.S., Feb. 25, 2003), the Supreme Court clarified the meaning and scope of AEDPA "deference," if such deference must be granted to state findings and conclusions. The Supreme Court wrote:

> "Even in the context of federal habeas, deference does not imply abandonment or abdication of judicial review. Deference does not by definition preclude relief. A federal court can disagree with a state court's credibility determination and, when guided by AEDPA, conclude the decision was unreasonable or the factual premise was incorrect by clear and convincing evidence."

(Slip Op. at p. 16).

PETITIONER'S OBJECTIONS TO MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION                                                          PAGE 2

merits, without any notice or hearing *of any kind*,[2] after a complete and utter disregard of the fact-finding procedures *mandated* by Texas law, and as a classic example of a judge merely "rubber-stamping" the draft order presented by the prosecuting attorney shortly after the draft was received by the judge. The federal courts should not—and may not under the United States Constitution—grant "deference" to such state "findings" and "conclusions" that are simply placed into a record under such circumstances.

Petitioner hereby incorporates by reference into these Objections pages 4 through 21 of his Brief in Opposition to Respondent's Motion for Summary Judgment [Docket No. 20] as well as the items from the Appendix to his Petition for Writ of Habeas Corpus that are referenced in said pages 4 through 21. Petitioner also incorporates by reference into these Objections paragraphs 15 through 23 of his Petition for Writ of Habeas Corpus, filed September 27, 2001 [Docket No. 1].

Petitioner objects to the Magistrate Judge's granting of "deference" to the State Order in this proceeding for each of the following reasons:

1. There was no "adjudication" on the merits by the state habeas court. That court did not even purport to follow the procedural mandates of Article 11.071 of the Texas Court of Criminal Procedure or to require the State of Texas to do so.

2. Petitioner objects for all of the reasons described in the dissenting opinions of Judge Dennis in *Valdez v. Cockrell*, 274 F.3d 941, 959-73 (5th Cir. 2001) (Dennis, J., dissenting) and 288 F.3d 702-05 (5th Cir. 2002) (Dennis, J., dissenting to denial of rehearing *en banc*), *cert. denied*, 123

---

[2]The Texas Court of Criminal Appeals confirmed "no evidentiary hearing was held" in Petitioner's state habeas corpus proceedings. (Appendix, Vol. 8:Tab 72).

PETITIONER'S OBJECTIONS TO MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION                                         PAGE 3

S.Ct. 106 (2002), and by the decisions in *Miller v. Champion*, 161 F.3d 1249, 1254 (10th Cir. 1998), *Barnett v. Hargett*, 174 F.3d 1128, 1135-36 (10th Cir. 1999); and *Mayes v. Gibson*, 210 F.3d 1284, 1289 (10th Cir.), *cert. denied*, 531 U.S. 1020 (2000).

3. Petitioner objects that for this Court to grant AEDPA "deference" to the State Order in this case would violate the decision of the Supreme Court in *Townsend v. Sain*, 372 U.S. 293 (1963), which was grounded in the United States Constitution, the Constitutional powers of the federal courts, and the common law history of the writ of habeas corpus. *Townsend* held, *inter alia*, that when state fact-finding procedures are so deficient as to require a federal evidentiary hearing, federal courts are not required to give deference to state court determinations. *See, e.g.*, 372 U.S. at 316.

4. The fact-finding procedures employed by the state courts in Petitioner's case wholly failed to meet *any* civilized standard of reliability, let alone the "heightened standard of reliability" the Supreme Court requires in death penalty cases. *E.g., Ford v. Wainwright*, 477 U.S. 399, 411 (1986); *Monge v. California*, 524 U.S. 721, 732 (1998).

5. If AEDPA purports to require the federal courts to give "deference" to "findings" and "conclusions" in the State Order in this case, then AEDPA is unconstitutional as applied to Petitioner's case because:

A. The state habeas procedure failed to meet basic notions of Due Process of Law in the Constitutional sense. If AEDPA compels the federal courts to "defer" to alleged "findings" and "conclusions" entered in such a Constitutionally deficient state process, then AEDPA, as applied in Petitioner's case, violates Petitioner's right to Due Process of Law in the federal courts.

B. If AEDPA compels the federal courts to "defer" to alleged "findings" and "conclusions" entered in such a Constitutionally deficient state process, then AEDPA, as applied in Petitioner's case, violates Article III of the United States Constitution and the Supremacy Clause of the United States Constitution. In effect, AEDPA would purport to require the federal courts to defer to state court findings or conclusions that were entered in sham proceedings and crafted by the state prosecutor for the sole purpose of crippling federal review of federal Constitutional questions.

C. If AEDPA compels the federal courts to "defer" to alleged "findings" and "conclusions" entered in such a Constitutionally deficient state process, then AEDPA, as applied in Petitioner's case, unconstitutionally increases Petitioner's burden of proving a Constitutional violation beyond the burden imposed on other petitioners who have meaningful state habeas proceedings. Under such circumstances, petitioner would be required by AEDPA to do the impossible—obtain favorable findings and conclusions in a state court in a proceeding that is not conducted to seek truth or justice, but it conducted, in effect, for the purpose of processing a denial of state relief and precluding federal relief. Petitioner might then be denied federal relief although he establishes a Constitutional violation in federal court—the first and only forum in which he is afforded a full and fair opportunity to present his claims.

6. The undisputed facts of Petitioner's case are different from, and more egregious than, those in *Valdez v. Cockrell*, 274 F.3d 941 (5th Cir. 2001). Thus, *Valdez* does not control the issue of AEDPA "deference" in Petitioner's case.

In *Valdez*, the state habeas court held a two-day evidentiary hearing. 274 F.3d at 943. That there was an evidentiary hearing demonstrates that the petitioner in *Valdez* was granted an

opportunity to develop facts pertaining to his claim in the state proceeding through discovery or in the adversarial setting of the evidentiary hearing. Petitioner was granted no discovery and no hearing in his state habeas proceedings. In *Valdez*, the State filed and served proposed findings of fact and conclusions of law, Valdez had an opportunity to object to them, and the state habeas court then heard "lengthy oral arguments as to those findings." *Id.*

In Petitioner's case, *none* of that happened. The State of Texas filed *nothing* in Petitioner's state habeas proceedings, not even an *answer* so that the habeas judge, who was unfamiliar with Petitioner's case, could make the determination Texas law requires of whether any material fact disputes existed. Petitioner was allowed no discovery. Tex. Code Crim. P. art. 11.071 §§ 7(a), 8(a). The state habeas court allowed no oral arguments or hearings of any type.

The state's prosecutor merely delivered a proposed form of order to the state habeas judge who was sitting at the time in Willacy County, and that judge signed the proposed order two days later without any change whatsoever. Petitioner had no opportunity to contest or object to the proposed order, and Petitioner's motion for reconsideration, filed promptly after his counsel learned of the existence of the State Order, was simply ignored (Appendix Vol.VIII:Tab 70). The Constitutional issue in *Valdez* was that of ineffective assistance of counsel at the sentencing phase of *Valdez's* trial. The Constitutional issues in Petitioner's case are more pervasive, and they affect not only Petitioner's sentence of death, but also the threshold question of his guilt or innocence.

WHEREFORE, PREMISES CONSIDERED, Petitioner Paul Richard Colella objects to the Magistrate Judge's Report and Recommendation to the extent that it finds, concludes, or recommends that AEDPA "deference" be granted any aspect of the State Order in Petitioner's case.

Respectfully submitted,

*[signature: Michael Powell]*

Michael V. Powell
Southern District No. 5429
State Bar No. 16204400
Locke Liddell & Sapp, LLP
2200 Ross Ave., Suite 2200
Dallas, Texas 75201
Ph: (214) 740-8520
F: (214) 740-8800

ONE OF THE COUNSEL FOR PETITIONER

## CERTIFICATE OF SERVICE

I hereby certify that I have caused the foregoing pleading to be mailed to counsel for Respondent, Ms. Tina J. Dettmer, Capital Litigation Division, Office of the Attorney General, P.O. Box 12548, Capitol Station, Austin, Texas 78711, this 1st day of March 2003.

*[signature: Michael Powell]*

Michael V. Powell