IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| RICHARD PAUL COLELLA, § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. 01-CV-166 |
| § | |
| JANIE COCKRELL, Director, § | |
| Texas Department of Criminal § | |
| Justice, Institutional Division, § | |
| Respondent. § | |

**RESPONDENT COCKRELL'S OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Richard Paul Colella ("Colella")[1] was properly convicted and sentenced to death in Texas state court for the murders of Michael Lavesphere and David Ray Taylor. In the instant proceeding, Colella seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Colella filed his federal habeas petition on September 27, 2001. In response, the Director filed a motion for summary judgment on February 28, 2002. Magistrate Black entered his report and recommendation on February 21, 2003, recommending to the Court that the Director's summary judgment motion be granted in part and denied in part. The Director lodges the following objections:

**OBJECTIONS**

The Director objects to the Magistrate Judge's determination that the first seven claims asserted in Colella's federal habeas petition are not procedurally barred and may, therefore, be reviewed on the merits by this Court. The Director argued in her summary

---

[1] For purposes of clarity, Respondent Janie Cockrell will be referred to as "the Director."

judgment motion that these seven claims were procedurally barred in the federal forum because the last state court to consider these claims dismissed them on independent and adequate state procedural grounds. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991). In his report, Judge Black rejects this argument, concluding the state court's decision did not "clearly and expressly" establish that the claims were rejected on procedural grounds. Specifically, the Magistrate found that the state court's decision "suggests that the true focus of its denial was not Texas' procedure, but a rejection of the merits." REPORT AND RECOMMENDATION, pg. 11. However, a careful examination of the state habeas court's adjudication of these seven claims does not support this position.

The Court of Criminal Appeals entered a very cursory written order that addressed the allegations in Colella's state habeas application as follows:

> In his application, [Colella] presents ten categories of allegations in which he challenges the validity of his conviction and resulting sentence. Although no evidentiary hearing was held, the trial judge entered findings or fact and conclusions of law.
>
> This Court has reviewed the record with respect to the allegations made by [Colella]. Based upon our review of [Colella's] claims and the record, the relief sought is denied.

*Ex Parte Richard Paul Colella*, No. 37,418-02 (Tex. Crim. App. 2001). Relying upon *Ex Parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997), the Magistrate asserts that by using the term "denied" instead of "dismissed," the Texas court signaled that its adjudication of Colella's state habeas application was based on the merits. Although *Torres* does instruct that, in writ jurisprudence, dispositions relating to the merits should be labeled "denials" and adjudications unrelated to the merits should be designated "dismissals," the case also makes clear that the label is not dispositive. *Torres*, 943 S.W.2d at 472. Rather, to determine the

2

nature of a disposition, the court must look "beyond mere labels to the substance of the action taken." *Id.* Here, because the Court of Criminal Appeals summarily denied relief and did not address the substance of the each individual allegation, it is necessary to look to the findings of fact and conclusions of law entered by the trial court in order to determine whether these claims were adjudicated on the merits or on procedural grounds. *See Corwin v. Johnson*, 150 F.3d 467, 473 (5th Cir. 1998) (stating that "when the last state court decision regarding a claim summarily affirms a lower court judgment denying relief, the federal court looks to the last explained decision to determine whether it was decided primarily upon a state procedural bar".)

The trial court began its order ruling on Colella's state habeas application by setting out several state law grounds that could procedurally bar a habeas applicant from relief, including the procedural defaults that arise from Texas' abuse of writ doctrine codified in the Texas Code of Criminal Procedure article 11.071 § 5(a), from the failure to preserve claims for appellate review with sufficient objection as required by the Texas Rules of Appellate Procedure, Rule 33.1(a), from the failure to have raised them on direct appeal or in his first habeas application, or through a prior unfavorable disposition on direct appeal. The court then found that Colella had not shown why all of his claims for relief were not procedurally barred under one of these state procedural grounds.[2]

---

[2] The Fifth Circuit has recognized that Texas' abuse of writ doctrine, the contemporaneous objection rule, and the failure to raise a claim on direct appeal are "independent and adequate" state procedural grounds that, if imposed, are sufficient to bar federal relief. *See Smith v. Cockrell*, 311 F.3d 661, 683-84 (2002) (holding that Texas' contemporaneous objection is an independent and adequate state procedural ground that bars federal habeas relief); *Finley v. Johnson*, 243 F.3d 215, 218-220 (5th Cir. 2001) (holding that Texas's abuse of writ doctrine and the failure to raise a claim on direct appeal are both independent and adequate state procedural grounds barring federal habeas relief). Moreover, while a state court's refusal to grant relief on a federal habeas claim because it was previously decided on direct appeal does not procedurally bar federal review,

The first claim in Colella's federal habeas petition contains several separate allegations of prosecutorial misconduct including the claim that (1) the prosecutor sponsored false testimony from Sergeant Luis Martinez regarding the victims' time of death; (2) the prosecutor sponsored false testimony from Sergeant Martinez regarding the date the victims' bodies were discovered; (3) the prosecutor sponsored false testimony from Sergeant Martinez regarding the source of the tire tracks found on the beach; (4) the prosecutor sponsored false testimony from Sergeant Martinez regarding the type of weapons used in the offense; (5) the prosecution presented a different theory of the offense at a co-defendant's trial in violation of due process; (6) the prosecution's immunity agreement with co-defendant violated due process; (7) the prosecution's immunity agreement with co-defendant encouraged false testimony; (8) the prosecution mischaracterized the nature of the immunity agreement to the jury; (9) the prosecution created a false impression of the evidence regarding Colella's prior sexual assault conviction; (10) the prosecution created a false impression of the evidence regarding Colella's prior burglary conviction; (11) the prosecution suppressed evidence that could have been used to impeach the co-defendant's testimony; (12) the prosecution suppressed evidence that could have been used to impeach the police investigation.

This identical claim was asserted in his state habeas application. SHTr 26-69. The state court determined that each of these allegations were procedurally barred. SHTr 327, CL 8. Alternatively, the court discussed the merits of the first five allegations regarding whether the State sponsored false testimony from Sergeant Martinez and whether the prosecutor's use of a theory different than the one asserted at a co-defendant's trial violated

---

none of the first seven claims were raised on direct appeal. Thus, the trial court did not rely upon this state procedural ground to bar relief on any of the claims at issue here. Thus, each of Colella's first seven claims were dismissed on state procedural grounds that the Fifth Circuit has previously recognized as "independent and adequate" to bar federal review.

4

due process. Notably, the merits of the remaining seven allegations were not discussed. SHTr 327-330, CL 9-14. The trial court merely reiterated that each allegation was procedurally barred and added that "[Colella] did not prove [his] theory of reversible error by a preponderance of the evidence." SHTr 330-331, CL 15-18. Contrary to what the Magistrate suggests, it is clear that the state court's adjudication of this claim did not rest on the merits, but rather on procedural grounds.[3]

Colella's second federal habeas claim asserts that he was deprived of adequate resources to prepare a defense. This claim was first presented in state court. SHTr 69-90. There, the trial court initially determined that this ground for relief was procedurally barred, then without any discussion on the merits concluded that Colella had not proven his theory of reversible error by a preponderance of the evidence. SHTr 331, CL 19-20. Once again, this does not indicate that the trial court disposed of this claim on the merits. Instead, it is obvious from the court's summary reference to the merits that the state court dismissed this claim primarily on procedural grounds.

In his third federal habeas claim, Colella urges that both trial and appellate counsel rendered ineffective assistance in violation of his Sixth Amendment right to counsel. This claim includes numerous allegations regarding counsel's performance during the guilt-innocence and punishment phases of his trial, as well as during the appellate proceedings.

---

[3] In reaching his conclusion that the trial court's decision rested primarily on the merits and not procedural grounds, the Magistrate partially relied upon the fact that, while the trial court mentioned a procedural bar, the court "never specified under which potential procedural rule it dismissed each claim." However, the trial court clearly identified the procedural bars applicable to the instant case. *See* SHTr 325 - 326. To the extent that the trial court's conclusions were ambiguous regarding which of the previously identified procedural bars were applicable to a particular claim, this is not sufficient to avoid the procedural default. *See Young v. Herring*, 938 F.2d 543, 549-550 (5th Cir. 1991).

5

These same allegations were asserted in Colella's state habeas application. SHTr 90-234. The trial court's adjudication of the allegations that counsel was ineffective during the guilt-innocence phase of trial was identical to its disposition of the previous claim. That is, the court first noted that the allegations were procedurally barred, then, without any discussion on the merits of the claims, stated that Colella had not proven his theory of reversible error by a preponderance of the evidence. SHTr 331, CL 21. Although, the trial court did, in fact, embark on a brief discussion of the merits of Colella's allegations regarding counsel's performance during the punishment phase, it is clear that these claims were also initially overruled on procedural grounds. SHTr 331-336, CL 22, 23-30. Finally, the trial court dismissed Colella's allegations that appellate counsel was ineffective as procedurally barred, but briefly considered the merits of the allegations in the alternative. SHTr 336-338, CL 31-34. The fact that the trial court considered the merits of some of the allegations asserted in Colella's ineffective assistance of counsel claim does not support the Magistrates' finding that this claim was adjudicated primarily on the merits. While the court clearly applied a procedural bar to each allegation, it considered the merits on only some of them. Thus, a more accurate construction of the trial court's actions show that Colella's third claim was dismissed principally on procedural grounds.

Colella's fourth claim argues that the cumulative effective of the "errors" set out in his first three claims rendered the entire proceedings fundamentally unfair and denied him due process of law. His state habeas application contained this same claim. SHTr 234-243. The trial court overruled this ground "as repetitious of other claims, as procedurally-barred, and not established by the preponderance of the evidence." SHTr 338, CL 35. Such a cursory disposition of the claim does not suggest that the court was mainly concerned with the merits of this claim. Indeed, it suggests the opposite.

6

Fifth, Colella maintains that his constitutional rights were violated by the trial court's refusal to grant his request for a change of venue. This claim was also raised in state court. SHTr 243-255. There, the trial court initially rejected this claim because it was procedurally barred. SHTr 338, CL 36. The court next stated that Colella has failed to prove his theory of reversible error by a preponderance of the evidence. SHTr 338, CL 36. The court further declined to review the merits of several sub-claims contained within this allegation because they were "too conclusory to warrant review." SHTr 338-339, CL 39-40. Clearly, this claim was dismissed by the trial court on the basis of procedural grounds.

In his sixth claim, Colella challenges the sufficiency of the evidence supporting his conviction. This same challenge was asserted in his state application for habeas corpus relief. SHTr 256. The state court first applied a procedural bar to this claim, then found that he had not properly perfected this claim for appeal. SHTr 340, CL 41. Finally, the court noted that, under state law, Colella was not allowed to collaterally attack the factual sufficiency of his conviction without making an "exceedingly persuasive case that he was actually innocent of the crime." SHTr 340. The court further noted that Colella's claim must, therefore, be supported by "newly discovered evidence." SHTr 340-41, CL 41. There is no discussion regarding whether there was, in fact, sufficient evidence to support his conviction. Accordingly, it cannot be said that this claim was adjudicated on the merits, rather than on procedural grounds.

Finally, Colella's seventh claim asserts cumulative error based upon his previously asserted claims. This claims was also presented to the state court. SHTr 257. The trial court overruled this claim because it was "too conclusory to warrant review and insufficiently-

briefed."[4] SHTr 341, CL 42. It could not be more clear that this claim was dismissed on procedural grounds. The Magistrate was, therefore, incorrect in asserting that the state court adjudicated this claim on the merits.

As set out above, the Magistrate's conclusion that, "...the true focus of [the trial court's] denial was not Texas' procedure, but a rejection of the merits," is wholly inconsistent with the trial court's findings of fact and conclusions of law. *All* of the allegations asserted in Colella's first seven claims were rejected as procedurally barred, whereas, only some of the allegation received attention on the merits.[5] Unavoidably, federal habeas relief may not be granted on claims that were dismissed in state court on independent and adequate state procedural grounds. *See Coleman, supra.*

## CONCLUSION

For the foregoing reasons, the Director respectfully requests that this Court reject the Magistrate's recommendation and find that the first seven claims asserted in Colella's federal habeas petition are procedurally barred and thus, incapable of supporting federal habeas relief.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

---

[4] *See McDuff v. State*, 939 S.W.2d 607, 613 (1997) (holding that were a claim was insufficiently briefed there was nothing for the court to review on appeal)

[5] Even if the trial court had alternatively considered every allegation on the merits, these claims would still be procedurally barred in the federal forum. *See Harris v. Reed*, 489 U.S. 255 n. 26 (1989) (noting that if the state court explicitly invokes a procedural bar and alternatively reaches the merits of a defendant's claim, a federal court is bound by the state procedural default); *Corwin*, 150 F.3d at 473 (holding that even the fact that trial court based its ruling on two alternative does not detract from the court primary ruling that the claim was procedural barred)

BARRY McBEE
First Assistant Attorney General

JAY KIMBROUGH
Deputy Attorney General
for Criminal Justice

GENA BUNN
Assistant Attorney General
Chief, Capital Litigation Division

*/s/ Tina Dettmer*

TINA J. DETTMER
Assistant Attorney General
State Bar No. 24026139

Office of the Attorney General
Capital Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 936-1600
Telecopier: (512) 320-8132

ATTORNEYS FOR RESPONDENT

9

## CERTIFICATE OF SERVICE

I, TINA J. DETTMER, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Respondent Cockrell's Objections to Magistrate Judge's Report and Recommendation** has been served by placing same in the United States mail, postage prepaid, on this the 6th day of March, 2003, addressed to Petitioner as follows:

Michael V. Powell
Locke Liddell & Sapp, L.L.P.
2200 Ross Avenue
Dallas, TX 75201-6776

Susan Karmanian
George Washington School of Law
2000 H Street, N.W.
Washington D.C. 20052

Andrew Hammel
OWEN & ROUNTREE, L.L.P.
510 S.Congress, Ste. 308
Austin, Texas 78704

_____
TINA J. DETTMER
Assistant Attorney General