IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 4 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| PAUL RICHARD COLELLA, | |
| Petitioner, | |
| -V- | CIVIL ACTION NO. 1:01cv166 |
| JANIE COCKRELL, Director, Texas Department of Criminal Justice, Institutional Division, | |
| Respondent. | |

**PETITIONER'S RULE 37 MOTION AND SUPPORTING BRIEF**

**I.   Background**

After exhausting his State remedies, Petitioner Paul Richard Colella filed his federal habeas corpus Petition in this Court. Thereafter, he filed a discovery motion, seeking certain documents and evidence unavailable to him in state court proceedings, and which he argued were necessary to a full and fair determination of his claims. By order dated August 16, 2002, this Court granted Petitioner's request for limited discovery and ordered Respondent to produce (a) the grand jury testimony of Detective Martinez of the Cameron County Sheriff's Department relating to Petitioner; and (b) the notes of the Cameron County District Attorney's Office regarding interviews with Anthony Randall "Red" Wilson, an accomplice who reached a deal with the State in which he avoided all criminal charges. *See* Docket No. 22. After no documents were produced, the Court entered a second order on February 13, 2003, which required Respondent to conduct

another search and explain her efforts to find the documents. *See* Docket No. 34. To date, Respondent has not produced the documents, has not described their whereabouts, and has offered no clear, consistent reason for failing to comply with the Court's discovery order.

This motion requests an order that Respondent be precluded from contesting Petitioner's claim that the State knowingly sponsored false testimony from Sgt. Martinez and Red Wilson (Petition Claim for Relief A). The non-produced documents relate to Claim A in the Petition. The motion is made under Federal Rule of Civil Procedure 37 and this Court's inherent power. Alternatively, Petitioner requests that adverse inferences be drawn as to Respondent's failure to produce the documents.

**II.  Argument**

The Federal Rules of Civil Procedure apply to Petitioner's habeas action. 28 U.S.C. § 2254 Rule 11 (providing that the Federal Rules of Civil Procedure apply to habeas suits to the extent that they are not inconsistent with the Habeas Corpus Rules). Under Federal Rule of Civil Procedure 37, if a party fails to obey a discovery order, the court may enter "an order refusing to allow the disobedient party to support or *oppose designated claims* or defenses, or prohibiting that party from introducing designated matters in evidence." Fed.R.Civ. P. 37 (b)(2)(B) (emphasis added). This Court is given considerable discretion in determining whether a party has violated a court order and in determining the appropriate sanction for the violation. *FDIC v. Connor*, 20 F.3d 1376, 1379 (5th Cir. 1994); *Chilcutt v. United States*, 4 F.3d 1313, 1319-21 (5th Cir. 1993), *cert. denied*, 513 U.S. 979 (1994). In addition, this Court has the inherent authority to enforce its orders. *See Toon v. Wackenhut Corr. Corp.*, 250 F.3d 950, 952 (5th Cir. 2001).

Twice this Court has ordered that the documents be produced. Respondent has not produced the documents even though one of the State's principal witnesses at Petitioner's trial, Detective Martinez, has given sworn testimony that the documents should exist. Initially, the Respondent submitted evidence that questioned whether Detective Martinez even testified before the Grand Jury (*See* Affidavit of John Olson at p. 1-2 submitted with Respondent's Response to Order Granting Discovery, filed October 9, 2002). Recently, however, Respondent provided Petitioner a copy of the page from the Grand Jury Log showing that Sgt. Martinez did in fact testify before Petitioner's Grand Jury. Sgt. Martinez testified that a court reporter would have taken down his grand jury testimony. *See* Deposition of Detective Martinez (previously filed with the Court) at 17. To date, the court reporter cannot be identified. No copy of the court reporter's record or of the transcript has been provided, even though this Court specifically ordered their production.

It has been suggested, improbable as it may seem, that grand jury testimony relating to a highly-publicized double murder was not transcribed by a court reporter. However, evidence from a neutral source disproves this suggestion. The existence of the grand jury testimony is consistent with the February 8, 1999 letter the Attorney General of Texas (AG) sent to Cameron County Assistant DA John Olson (February 8, 1999 Letter, attached as Exhibit A to Petitioner's Response to Respondent Cockrell's Response to Order Granting Discovery ("Petitioner's Response"), previously filed, and incorporated herein). Petitioner had, in state court proceedings, invoked the Texas Public Information Act to request access to the Cameron County District Attorney's Office files on the conviction of Mr. Colella (and others). Upon receiving the Act Request, Mr.

Olson sent the file concerning Petitioner's capital murder trial to the AG and sought an opinion as to which materials the office was required to disclose. In responding to Mr. Olson's request, the AG wrote the February 8, 1999 Letter, in which he stated that "[s]ome of the enclosed documents were presented to, subpoenas issued by *and testimony given before the grand jury.*" *See* Exhibit A at p. 3 (emphasis added). In other words, as of February 8, 1999, the AG indicated that it had in its possession the grand jury testimony and other documents pertaining to Petitioner's grand jury, and the AG had received these documents from Mr. Olson. No effort has been made to explain what happened to the grand jury testimony that existed as of February 8, 1999, and which the AG possessed and then returned to the Cameron County District Attorney's Office.

Sgt. Martinez's deposition testimony is also consistent with the existence of more documents relating to the grand jury than have yet been produced. Sgt. Martinez testified it was the DA's practice to issue a subpoena to have him testify before a grand jury, and that a record would have been kept of this. Martinez at 28-29. This subpoena has not been found, even though it was in the files sent to the AG. It was not included in the long sought-after Cameron County Sheriff's file, which was only recently produced pursuant to an Order of this Court. Sgt. Martinez conceded that notes would have been taken of the District Attorney's interrogation of Red Wilson. Martinez 30-33, 51-55. Again, none of the notes has been produced.

The stakes in this case are the gravest of any case imaginable. The State's principal trial witness, Sgt. Martinez, has admitted that the requested documents should exist. The Attorney General has admitted in a letter that the grand jury testimony existed in 1999. Why the documents cannot be found has not been explained.

The missing documents are material. The clearest proof of their materiality, of course, is that this Court ordered discovery of them. Habeas petitioners are not entitled to discovery as of right, as are most litigants. They must show good cause, as this Court has found Mr. Colella showed. As this Court has acknowledged, Sgt. Martinez's testimony between the two trials cannot be reconciled. Docket No. 22 at 4 ("Petitioner shows that Detective Martinez offered irreconcilable testimony in the two trials"). The requested documents could shed critical light on the issue of the false testimony. *Id.*

Petitioner sought discovery of these documents to bolster his false testimony claim. Mr. Colella sought to demonstrate that the previous testimony and statements of Sgt. Martinez and Red Wilson established a specific and detailed account of the events surrounding the crime. Specifically, the Petitioner anticipated that the testimony of Sgt. Martinez and the testimony or statements of Red Wilson would demonstrate that the state's witnesses *until* Mr. Colella's trial *consistently* and *repeatedly* testified that (among other things) Red Wilson's truck had been involved in pushing the victims' truck into the bay, and that the victims were killed at around 6 a.m. on Sept. 13, 1991. This proof, in addition to the proof already in the record, would demonstrate that the State's witnesses *changed* their version of events prior to Petitioner's trial, and permit the inference that the State did so in an unconstitutional attempt to unfairly bolster its chief witness' credibility and sabotage Petitioner's alibi defense.

Respondent's defense only heightens the materiality of the missing discoverable evidence. Respondent has argued that Petitioner's false testimony claim cannot be established by showing that Sgt. Martinez gave diametrically opposite and irreconcilable testimony in Brenda Colella's trial and Petitioner's trial. Instead, Respondent claims that

Petitioner bears the burden of showing that Sgt. Martinez gave false testimony in Petitioner's trial. In essence, the Respondent has argued that even if Sgt. Martinez and/or Red lied under oath in *either* Paul or Brenda's trial, the Petitioner cannot prove that he lied in Paul's trial. While Petitioner disputes Respondent's argument, a paper trail showing the State's representatives consistently and repeatedly arguing one theory of the case *until* Mr. Colella's trial would refute the State's attempted defense.

Under Rule 37(b)(2)(B), this Court can order that Respondent be precluded from arguing that the State did not sponsor false and misleading testimony at Petitioner's trial. Alternatively, the general rule in discovery provides that "[w]here relevant information, . . . ., is in the possession or control of one party and not provided, then an adverse inference may be drawn that such information would be harmful to the party who fails to provide it." *Weeks v. Ara Servs. Inc.*, 869 F. Supp. 194, 195 (S.D.N.Y. 1994) (citations omitted) (granting summary judgment against plaintiff who failed to produce shoes she was wearing at time of fall for testing and analysis).

Petitioner has established that Sgt. Martinez's testimony is inconsistent. It is patently unfair for Respondent to be allowed to argue that Petitioner must prove the falsity of what happened in Petitioner's trial when documents relating to the issue, in the State's possession, have not been produced.

Petitioner therefore requests that this Court order that Respondent not be allowed to contest Petitioner's Claim A concerning the false testimony the State put on in Petitioner's capital murder trial. In the February 13, 2003 Order, Respondent was warned of a sanction for non-compliance. Docket No. 33 at 2-4; *see Chilcutt*, 4 F.3d at 1321 (*citing Ins. Corp. of Ireland v. Compagnie Des Bauxites de Guinee*, 456 U.S. 694 (1982)

(noting that sanctions would be appropriate after warnings are given). The fact that the various officials have offered conflicting stories further supports sanctions. *See* Petitioner's Response (documenting the inconsistent testimony about the documents). In addition, Petitioner has a colorable claim that the State put on false testimony as to the tire tracks evidence and the estimated time of death. *Chilcutt*, 4 F.3d at 1322. The sanction is not pulled out of thin air; it relates to the very claim that Petitioner sought to support through the missing documents. Finally, the sanction would serve an important deterrent function. As of now, the Cameron County DA's Office has no incentive to maintain important trial documents and have them readily accessible for those pursuing habeas relief. The sanction would send the signal that the documents must be maintained in an orderly manner.

Alternatively, this Court should draw adverse inferences concerning the evidence the State has failed to provide. Petitioner asks this Court to draw the inference that the missing evidence would show that Sgt. Martinez testified under oath before the grand jury in a manner inconsistent with his testimony in Paul Colella's trial, and that Red Wilson's statements to the police and District Attorney were inconsistent with testimony he gave at Paul's trial. These inferences would be appropriate under the circumstances.

WHEREFORE Petitioner prays that the Motion be granted, that Respondent be barred from contesting that the State put on false testimony in Petitioner's trial, or, alternatively that the Court draw the requested adverse inferences, and that Petitioner be awarded such other relief to which he is justly entitled.

Respectfully submitted,

*Michael Powell*

Michael V. Powell
Southern District No. 5429
State Bar No. 16204400
2200 Ross Avenue
Suite 2200
Dallas, Texas 7520`
Ph: 214.740.8520
Fax: 214.740.8800

ONE OF THE ATTORNEYS FOR PETITIONER

### CERTIFICATE OF CONFERENCE

On June 3, 2003, Susan Karamanian, one of counsel for Paul Richard Colella, talked with opposing counsel, Ms. Tina Dettmer, and Ms. Dettmer stated that she opposes this Motion.

*Michael Powell*

Michael V. Powell

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading was faxed on counsel for Respondent, Capital Litigation Division, Office of the Attorney General, P.O. Box 12548, Capitol Station, Austin, Texas 78711, this 3rd day of June, 2003.

*Michael Powell*

Michael V. Powell