United States District Court
Southern District of Texas
FILED

JUL 1 6 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PAUL RICHARD COLELLA | § § | |
| v. | § § | 01-CV-166 |
| JANIE COCKRELL | § | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Cause No. 92-CR-173-E

| | | |
|---|---|---|
| STATE OF TEXAS | § § | IN THE DISTRICT COURT |
| v. | § § | 357TH JUDICIAL DISTRICT |
| PAUL RICHARD COLELLA | § | CAMERON COUNTY, TEXAS |

# **AGREEMENT**

1. PARTIES IN INTEREST

   A. *Paul Richard Colella* ("Colella") is currently confined in the Texas Department of Criminal Justice, Institutional Division as inmate number 999045. Attorneys Michael V. Powell, Andrew Hammel and Susan L. Karamanian represent Colella. Colella was tried and convicted of capital murder in case No. 92-CR-173-E in the 357th District Court, Cameron County, Texas, on September 3, 1992, and sentenced to death by judgment dated September 11, 1992 (the "Capital Murder Trial").

   B. *The Cameron County District Attorney*, in her capacity as the representative of the State of Texas in criminal cases, has an interest in upholding her primary duty as codified in the Texas Code of Criminal Procedure.[1]

   C. *Janie Cockrell, the Director of Texas Department of Criminal Justice, Institutional Division* ("the Director") is represented by The Office of the Attorney General of Texas (the "Attorney General"), who has an interest in maintaining the integrity of convictions and sentences obtained by the State of Texas.

   D. Colella, the Cameron County District Attorney, and the Director are collectively referred to as the "Parties."

2. STATEMENT OF PURPOSE

   Pending before the United States District Court for the Southern District of Texas, Brownsville Division (the "Federal Court") is Colella's Petition for Writ of Habeas Corpus (the "Petition") filed under 28 U.S.C. § 2254. United States Magistrate Judge John Wm. Black has ordered an evidentiary hearing on certain of Colella's claims in the Petition.

   This agreement corrects a constitutional violation that occurred during the guilt-innocence phase of Colella's Capital Murder Trial. This agreement is necessary for the promotion of justice.

3. ACTIONS THAT THE PARTIES WILL TAKE.

   Upon the signing of this Compromise and Settlement Agreement, the Parties will perform the following actions:

---

[1] *See* TEX. CODE CRIM. PRO. ANN. art. 2.01 (Vernon's 1999).

A. The Director, through the Attorney General, will sign and file with the Federal Court the Confession of Error, in the form attached hereto as Exhibit A and incorporated herein.

B. The Parties will submit to the Federal Court the proposed form of order attached hereto as Exhibit B, by which they stipulate to entry by the Federal Court of an order granting a conditional writ of habeas corpus. All Parties waive their rights to appeal from the Federal Court's Order Granting Conditional Writ of Habeas Corpus.

C. Within 120 days of the entry of the Order Granting Conditional Writ of Habeas Corpus, Colella will enter a plea of guilty to (1) the lesser included offense of murder of Michael Lavesphere as alleged in paragraph one of the indictment in Cause No. 92-CR-173-E; and (2) the lesser included offense of murder of David Ray Taylor as alleged in paragraph two of the indictment in Cause No. 92-CR-173-E, both of which occurred on or about the 13th day of September, 1991 in Cameron County, Texas (collectively, the "Guilty Pleas"). In exchange for Colella's entering into the Guilty Pleas, the State of Texas recommends a sentence in the Texas Department of Criminal Justice-Institutional Division of twenty (20) years to each offense of murder to run concurrently. Colella will receive credit for time served calculated on a day-for-day basis.

D. Pursuant to Texas law, the District Attorney will move that Colella's prior judgment of conviction of capital murder and sentence of death will be vacated. When a new judgment of conviction is entered in the State Court in accordance with Paragraph 3.C above, Colella will waive all rights to appeal that new judgment or to attack the new judgment in post-conviction proceedings.

E. The Federal Court will retain jurisdiction over this proceeding until the State Court vacates Colella's prior judgment of conviction of capital murder and sentence of death and enters a new judgment in accordance with Paragraph 3.C above. If necessary, any party may file a motion under Fed. R. Civ. P. 59 to give the Federal Court continuing jurisdiction. If for any reason the State Court rejects

the plea agreement described in Paragraph 3.C above, or refuses to impose the sentence set forth in that plea agreement, Colella or the Director may reopen this proceeding to set aside the Director's Confession of Error and this Federal Court's Order Granting the Conditional Writ of Habeas Corpus, and the proceeding in the Federal Court under the Petition will continue as if this Agreement had not occurred. If the State Court accepts the plea agreement described in Paragraph 3.C above, vacates Colella's judgment of conviction for capital murder and sentence of death and imposes the sentence agreed in Paragraph 3.C, above, Colella will submit to this Federal Court an order of dismissal with prejudice as set forth in the attached Exhibit C.

## IV    ADDITIONAL TERMS

This Compromise and Settlement Agreement is binding against all parties in interest. All undersigned parties enter into this Agreement freely and voluntarily, are competent to do so, and recognize the binding nature of this agreement based upon consideration, mutuality of agreement and mutuality of obligation.

This Agreement represents the complete and full agreement of the parties and cannot be altered by any representation or agreement, either oral or written, without the express written consent of all parties.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. McBEE
First Assistant Attorney General

JAY KIMBROUGH
Deputy Attorney General for Criminal Justice

GENA BUNN
Assistant Attorney General

Chief, ~~Capital~~ Post-conviction Litigation Division

*signature* Tina J. Dettmer    DATE: 6-30-03
TINA J. DETTMER
Assistant Attorney General
Attorney-in-Charge
Southern District No. 31496
State Bar No. 24026139

Office of the Attorney General
Postconviction Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 936-1600
Telecopier: (512) 320-8132

ATTORNEYS FOR RESPONDENT

YOLANDA DE LEON
County and District Attorney of
Cameron County, Texas

*signature* Karen F. Betancourt    DATE: 7/7/03
KAREN FISCHER BETANCOURT
First Assistant
County and District Attorney of
Cameron County, Texas
974 E. Harrison
Brownsville, Texas 78520
(956) 544-0849
(956) 544-0869

X *signature* Paul Colella    DATE: 6-24-03
Paul Richard Colella
#999045
Polunsky Unit
12002 F.M. 350 South
Livingston, Texas 77351

*signature*    DATE: 6-30-03

ANDREW HAMMEL
Attorney in Charge
Southern District No. 20611
State Bar No. 00796698
OWEN & ROUNTREE, L.L.P.
510 S. Congress, Ste. 308
Austin, Texas 78704
Ph: (512) 320-0334
Fax: (512) 320-8027

SUSAN L. KARAMANIAN
Southern District No. 10788
State Bar No. 11097600
2000 H Street, N.W.
Washington D.C. 20052
Ph: (202) 994-1210
Fax: (202) 994-2831

MICHAEL V. POWELL
Southern District No. 5429
State Bar No. 16204400
2200 Ross Avenue
Dallas, TX 75201-6776
Ph: (214) 740-8000
Fax: (214) 740-8800

ATTORNEYS FOR PETITIONER
PAUL RICHARD COLELLA

960000:10028 : DALLAS : 1172352.1